United States District Court
District of Connecticut

Luis A. Lebron       : No's 3:01CV241(CFD)

   v              :

John Armstrong, Et Al.    : May 8, 2004

MOTION REQUESTING REVIEW OF JUDICIAL PROCEEDINGS REGARDING CAPTIONED CASE ABOVE FOR COURT ERRORS AND ABUSE OF DISCRETION BY HON. JUDGE CHRISTOPHER F. DRONEY PREJUDICING THE PLAINTIFF ASWELL AS HIS CIVIL SUIT AGAINS DEFENDANTS

I. QUESTIONS PRESENTED FOR REVIEW

1. Did the Court err in not granting any of plaintiffs motions for appointment of Counsel even after surviving defendants motion to dismiss? SEE ATTACHMENT (A) #'s 5, 6, 13, 18, 26, 27, 2f, + 47.

2. Did the Court err in not granting plaintiffs motion for appointment of Counsel even after submitting to the Court memorandums of laws and cited cases similar to plaintiffs where counsel was appointed, aswell as submitted a statement which clearly and unequivocally showed "exceptional circumstances"?

3. Did Hon. Judge Droney abuse his discretion in denying all four (4) motions for appointment of counsel knowing that the VIDEO tapes and defendants past records would not be provided to the plaintiff because defendants stated it would be considered contraband and pose a safety threat to defendants? Droney was

(1)

informed that the VIDEO tapes were needed to prove plaintiffs claims of being maced and defendants knowingly, willingly and wantonly falsifying incident and medical reports in an attempt to cover up the alleged justifiable incident. Without them, the plaintiffs case was severely prejudiced which would've resulted in Summary judgement against plaintiff or dismissed due to lack of evidence etc; which forced plaintiff into a forced settlement.

    4. Did the Court and/or Clerk err in wrongfully closing plaintiffs civil suit treating Droneys denial of plaintiffs mandamus, as closing the entire case? SEE ATTACHMENT (B)

    5. Did the Court and/or Clerk err in returning all of plaintiffs motions and requests etc; w/o taking any action on them claiming the case was closed even after plaintiff submitted a motion with evidence attached proving only my mandamus was denied and that my case was still open? SEE ATTACHMENT (C)

    6. Did any of the above prejudice the plaintiff and/or his case as the abuse of discretion and Court errors not only put plaintiffs back up against the wall, but forced him into an involuntary settlement or face losing his case to Summary judgement or, at trial for lack of evidence?

    7. Do the above stated questions warrant an order to set aside or vacate the settlement order of April 22, 2004?

  II. STATEMENT OF BASES FOR THE CALLING OF COURTS REVIEW OF JUDICIAL PROCEEDINGS OF THIS CAPTIONED CASE.

    1. Other Courts have appointed Counsel when plaintiffs

claims have survived defendants motions to dismiss, where plaintiffs presented colorable claims, where deliberate indifference to serious medical needs resulting in injuries are shown, ( AS IS THE CASE HERE) where info was provided to the Courts on the Complexity of the case and legal and factual issues are involved, exceptional circumstances, aswell as showing that appointment of counsel was indisputably needed and required as the Court was informed that w/o counsel, the video tapes needed to prove plaintiffs claims "<u>would not</u>" be given to the plaintiff and said videos were the plaintiffs only way of proving the assault, and that the defendants falsified both medical and incident reports in an attempted cover up conspiracy, to which defendants maintain was a justifiable incident.

    2. The Courts automatic denial of four (4) motions for appointment of Counsel was an abuse of discretion and was not consistent with other Courts in determining whether or not to appoint counsel. It's very clear that its up to the Judge, his or her discretion, however, in this case, the plaintiff clearly showed an exceptional circumstance warranting appointment of counsel. It being that w/o those tapes (which as an inmate, the plaintiff wasn't allowed to possess) the plaintiff wouldn't be able to prove at trial that he was maced and that the D.O.C./ defendants knowingly, willingly and wantonly falsified both medical and incident reports. Those videos will be in direct contridiction w/ the defendants incident and medical reports, which would also prove plaintiffs claim of a conspiracy by D.O.C officials to cover up a so called "justifiable" use of force incident. Why the attempted cover up and lies?

## III. SUMMARY OF PROCEEDINGS/ MACE INCIDENT, 10-29-98

1. On or around Oct. 29, 1998 while on a Court trip, this plaintiff along w/ two (2) other inmates were maced while in full restraints (handcuffs, black box, shackles, the tether chain, belly chain and seatbelt) and driving down the highway at about 65-70 mph.

2. Because of the amount of mace used, and defendant Johnsons breathing troubles aswell as ours, the defendants pulled over and exited the vehicle but left the plaintiff and two (2) other inmates in the contaminated van.

3. Despite protocal/ policy, NO medical or law enforcement officials were called because it would've been clear to any law enforcement official who came to the scene that an assault and battery accured and probably even arresting defendant Samuels.

4. Video was taken of us upon arrival at Northern C.I., while in holding and while recieving medical treatment as is done per policy to any use of force/ mace incident.

5. Upon learning of the attempted conspiracy to cover up the incident, the plaintiff filed the civil suit in question.

6. For a while, the D.O.C/ defendants denied the incident ever took place. The defendants even went as far as to remove grievances from plaintiffs file and/or inform their counsel (Robert F. Vacchelli) that this plaintiff never filed any grievances. SEE ATTACHMENT (D) Pg. 1 SEC (B) + pgs. 3+4.

7. Prior to the filing of the suit in question, the plaintiff sought medical care for the pink puffy eyes, itchy skin

(4)

on the face and neck area where the mace affected me due to the couple of hours I endured with mace in my eyes, face and neck prior to being decontaminated and/or given medical treatment by defendants. Despite the visable affects (pink puffy eye, and red patches of skin on face and neck areas) <u>NO</u> medical treatment was given, and plaintiff told he would be fine in a couple of days even though it had been about a week <u>after</u> the incident accured and plaintiff still showed effects of being maced, and could possibly be allergic to mace or chemical agents in it, as the other two (2) inmates showed no effects as drastic as plaintiffs.

8. Medical knowing this was not a typical reaction to past maced individuals, should have examined plaintiff for an allergic reaction but didnt because said action would leave documented medical records showing that plaintiff <u>was</u> maced, showed <u>visable</u> signs of being maced, and voiced complaints which would then contridict the initial medical report claiming the exact opposite. As such, medical displayed deliberate indifference to serious medical needs to aid in the conspiracy.

9. Once plaintiff filed grievances etc; the defendants then started to harass and retaliate against the plaintiff. The defendants lost plaintiffs property on several occasions WHILE in D.O.C control, (D.O.C storage + D.O.C safe). The plaintiff was then transfered every 6-12 months like clock work for retaliation as it is generally known that the D.O.C uses transfers as a means of punishment meant to harass and oppress inmates as transfers takes inmates out of their routines etc; aswell as change of enviornment. This takes a toll on

⑤

inmates because they may be in school, have a job or be next on either list after waiting months only to be transferred and have to start all over again.

10. The transfers every 6-12 months along with the constant loss of plaintiffs property despite the fact that the plaintiff has been <u>disciplinary free</u> since May of 1998 which proves I have had <u>NO</u> behavioral problems warranting transfers every 6-12 months. The D.O.C cant claim it was for my own concern due to defendants working at those facilities because <u>two</u> of those facilities had defendants who were "Wardens."

11. The plaintiff filed harassment and retaliation requests and grievances but <u>NONE</u> were responded to. I know that I must exhaust administrative remedies prior to filing a civil suit, which <u>exhaustion</u> of my property claims <u>and exhaustion</u> of this 1998 mace incident proves I did. I then file a lawsuit against same defendants for harassment + retaliation and inform the Court that exhaustion couldn't be accomplished because my grievances <u>would not</u> be acknowledged or addressed, so my suit gets dismissed w/out prejudice. Too date, the D.O.C will <u>NOT</u> address any grievance concerning harassment and/or retaliation against me. I have submitted several letters and grievances to both Garner C.I and Cheshire C.I. with <u>NO</u> responses at all.

12. In my last transfer, the plaintiff had a fall out/disagreement with defendant <u>Karl Lewis</u> at Cheshire C.I. Not long after that day, the plaintiff got transferred here to

(6)

MacDougall C.I. and again, plaintiffs property vanishes into thin air. ( color T.V., walkman, headphones, sneakers, beard trimmers, cassette tapes, clothing, legal books, legal and non legal documents etc; ) To date, over $900.00 in property has vanished while in possession and/or control of the D.O.C/defendants.

13. While at Cheshire C.I., the defendants agreed to allow my family to purchase and mail in property to replace the prior lost property. ( sneakers, boots, tapes, walkman etc;) After my family purchases the items ( over $400.00 in property) the defendants then refuse to allow said property to be mailed in because I filed the harassment and retaliation suit against them, which brings us to the present.

14. The defendants have cost me $150.00 the Court is taking for the cost of the civil suit dismissed w/o prejudice ( Lebron-v-Armstrong, Et Al. 3:03cv1269 (CBB) because defendants wont acknowledge any harassment or retaliation grievances submitted by me.

## IV. SUMMARY OF JUDICIAL PROCEEDINGS

1. Plaintiffs complaint in question for review was filed on February 13, 2001 and entered on April 3, 2001. SEE DOCKET # 4. ATTACHMENT (A)

2. Plaintiff filed motions for appointment of Counsel on May 1, 2001, July 17, 2001, April 12, 2002, February 7, 2002, and July 16, 2003 which were all denied. SEE DOCKET #'s 5, 6, 13, 18, 26, 27, 28, 47 and 57. ATTACHMENT (A)

3. The Court Clerk then wrongfully closed plaintiffs case on September 30, 2003 treating Hon. Droney's order denying my mandamus as closing the entire case. SEE DOK: #'s 62, + 63.

4. The Court Clerk then proceeded to return all submissions back to the plaintiff and not respond or return others such as those stated on plaintiffs letter to Ms. Larsen dated Dec. 18, 2003 and stamped dated Dec. 22, 2003. SEE ATTACHMENT (E)

5. All of the mentioned facts herein caused the plaintiff severe prejudice that put plaintiffs back up against the wall and forced plaintiff into an involuntary settlement out of fear that the Court would either grant defendants summary judgement or the case dismissed w/o any type of relief/redress due to plaintiffs inability to prove his claims w/o the video tapes.

6. It is clear that if not for Court errors and Hon. Droneys abuse of discretion, the plaintiff would not have involuntarily settled out, and since the forced settlement was due to Court errors and abuse of discretion, the previous order of April 22, 2004 on the motion to dismiss should be vacated/set aside and case re-opened should a new settlement agreement not be agreed on by both parties. (Luis A. Lebron -v- Armstrong, Et Al. 3:01CV241 (CFD) and 3:03CV1269 (EBB).

WHEREFORE, the plaintiffs request for review of Judicial Proceedings for prejudice caused to plaintiff by Court errors and abuse of discretion be granted and the relief sought aswell in the name of Justice and fairness.

*Luis A. Lebron*

ORDER

GRANTED _____   DENIED _____

(8)

X_____

U.S. District Judge or Hon., Magistrate

### CERTIFICATION

I do hereby certify that a true copy of the foregoing Motion has been forwarded to defendants counsel of record on this 11 day of May 2004.

*[signature]*

Mr. Robert F. Vacchelli
Asst. Atty. General
110 Sherman Street
Hartford, Ct. 06105

### CONCLUSION

The Court errors and abuse of discretion by Hon. Judge Christopher F. Droney clearly and unequivocally prejudiced the plaintiff and violated plaintiffs Constitutional right to have factual issues resolved by a jury as w/o counsel, the video's and records would not be provided which would have resulted in Summary judgement against plaintiff or dismissal at trial for lack of evidence proving plaintiffs claims. This puts plaintiffs at the "MERCY" of the defendants as far as settlement award/agreement as the plaintiff in this case had to do. A vacated order and/or a set aside of the agreement is in order.

(9)

*[signature]*