United States District Court
District of Connecticut

United States District Court
District of Connecticut
FILED AT BRIDGEPORT
May 20, 2004
Kevin F. Rowe, Clerk
By Mary E. [illegible], Deputy Clerk

Luis A. Lebron  : Prisoner # CVNO: 3:01 cv241 (CFD) and
-v-             : CVNO: 3:03 cv1269 (EBB)
John Armstrong, Et al. : May 6, 2004

Reply memorandum in opposition to defendants memorandum opposing plaintiffs motion to withdraw the previous motion to withdraw/dismiss dated April 22, 2004 pursuant to the settlement of the two above mentioned/captioned cases.

The plaintiff asserts that the settlement agreement is not valid and the order of dismissal by Hon. Judge Christopher F. Droney should be set aside/vacated for one or all of the following reasons, and a hearing for prejudice conducted.

A: The plaintiff signed the settlement agreement under "DURESS" and without full understanding of the agreement and/or advised by counsel.

B: The plaintiff filed several motions for appointment of counsel and affidavits explaining how the plaintiff could NOT obtain the "VIDEO TAPES" of the excessive use of force incident, the "VIDEO" of us exiting the vehicle, and the "VIDEO" of us getting medical treatment was needed to prove plaintiffs case. The defendants alleged

(1)

that possession of the <u>VIDEO TAPES</u> and defendants past records would be considered contrabond in my possession. As such, the plaintiff <u>would not</u> have been able <u>to prove at trial</u> that the defendants falsified incident and medical reports in an attempt to <u>cover up</u> the incident. Knowing this, the Court should have appointed Counsel so that Counsel could obtain the video and defendants past records etc; to prove the claims at trial and win. In not appointing counsel knowing the above prejudice it would have on the plaintiff and his case, the Court erred, which was <u>in part</u> why the plaintiff was forced to settle out, and is <u>part</u> of the reason why the settlement agreement should be set aside/vacated.

  C: The Court then wrongfully "<u>CLOSED</u>" the plaintiffs case treating Hon. Judge C.F. Droneys order denying plaintiffs request for a mandamus order in the case as closing the entire case. <u>SEE DOCKET NO" 62, 63</u>. Because of this Court error, the plaintiffs motions and requests etc; were all returned to the plaintiff claiming the case was "CLOSED". The Court error has prejudiced the plaintiff since late 2003. *SEE ATTACHMENT (A)* This fact, along with the reasons mentioned in A and B caused the "<u>DURESS</u>" that lead to the plaintiff being forced to settle out when he wished to proceed to a jury trial and expressed said wish in a motion dated Dec. 18, 2003. *SEE ATTACHMENT (B)*

Without Counsel, the plaintiff was <u>not</u> able to obtain the video tapes and defendants past records etc; to prove plaintiffs claims at trial that the defendants knowingly, willinglly, and maliciously falsified the incident and medical reports in a conspiracy attempt to cover up an incident the defendants alleged was "justifiable," and in the Court <u>NOT</u> appointing counsel severely prejudiced the plaintiffs case as w/o said evidence, the Court and defendants both knew full well that the plaintiff would not be able to prove his case at trial and lose. As such, all parties involved (espacailly those w/ knowledge of the law) knew that the <u>only option</u> left for a plaintiff in said predicament would be to settle out or lose at trial for lack of evidence.

The plaintiff filed four (4) motions for appointment of Counsel which were all denied. SEE ATTACHMENT (C) - DOCKET NO'S 5, 6, 13, 18, 26, 27, 28, +47.

Because of the stated facts on this Motion, the plaintiff was put in a position where he either "<u>had</u>" to settle out or lose at trial. Had Counsel been appointed, the plaintiff would not have been <u>forced under duress</u> to settle out.

If the Court finds that a criminal defendant plead guilty in a plea agreement, not voluntarily made, it vacates the conviction and orders new trial. As such,

(3)

the plaintiff has stated enough in this motion to demonstrate that in "NOT" appointing counsel shows prejudice to the plaintiff as he has stated in past motions and affidavits that the critical evidence needed to prosecute the case against the defendants at trial could "NOT" be obtained w/o counsel. The prejudice being that the plaintiff would "NOT" be able to prove his case at trial, which "FORCES" the plaintiff to settle out, or face losing at trial for lack of evidence to prove plaintiffs claims. As such, the settlement agreement should be set aside/vacated, and/or allow for a new agreement. If one can not be reached, then the case should be re-opened and set for jury trial, due to Court errors and prejudices caused to the plaintiff.

    WHEREFORE, the plaintiff requests that this motion be granted and be allowed to either a new settlement agreement, or be placed back on the jury docket if a new settlement cant be reached with the plaintiffs/defendants

## ORDER

GRANTED _____ DENIED _____

## CERTIFICATION

I hereby certify that a copy of this motion has

(4)

been mailed to defendants counselor of record on this ___ day of May, 2004, along w/ a three page affidavit.

cc:
   Mr. Robert F. Vacchelli
   Asst. Atty. General
110 Sherman Street
Hartford, Ct. 06105

Respectfully submitted,

x _____ #185091
Luis A. Lebron #185091
MacDougall C.I.
1153 East St. South
Suffield, Ct. 06080

⑤