UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| LUIS A. LEBRON | : | PRISONER |
|  | : | CIVIL NO. 3:01CV241 (CFD) (WIG) |
| *Plaintiff*, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| JOHN ARMSTRONG, ET AL. | : | JUNE 14, 2004 |
| *Defendants*. |  |  |

### DEFENDANTS' RESPONSE TO COURT'S ORDER OF MAY 19, 2004 TO SHOW CAUSE AND IN RESPONSE TO PLAINTIFF'S MOTION REQUESTING REVIEW DATED MAY 8, 2004

This case is a civil rights action by pro se inmate Luis Lebron complaining that he was injured when a correctional officer sprayed mace at another, assaultive inmate in a van in which they were all riding in 1998. Plaintiff signed a settlement agreement to settle this case and others for $2,000.00 on February 19, 2004. The settlement was approved, and the cases dismissed with prejudice, by Judge Burns on March 30, 2004 in Lebron v. Armstrong, No. 3:03CV1269 (EBB), Exhibit A, and by Judge Droney on April 22, 2004 in Lebron v. Armstrong, No. 3:01CV241 (CFD). Exhibit B. In the interim, plaintiff's request for darker tinted eyeglasses was denied at his correctional facility. See Plaintiff's Motion to Withdraw dated April 22, 2004, Defendants' Memorandum in Opposition dated April 29, 2004. He now seeks to vacate or renegotiate the settlement. On May 19, 2004, Judge Droney ordered defendants to file a response as to why the judgment should not be set aside and a hearing scheduled as requested in his filing dated May 6, 2004. See Order dated May 19, 2004, Exhibit C. Similar issues were raised in plaintiff's Motion Requesting Review dated May 8, 2004. The issues are discussed seriatim.

**STANDARDS ON REVIEW**

Dismissal with prejudice arising out of a settlement operates as a final judgment for res judicata purposes. Marvel Characters, Inc. v. Simon, 310 F.3d 280, 287 (2nd Cir. 2002). A judgment may be set aside under Rule 60(b), F.R.Civ.P., which provides, in pertinent part, as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Claims for relief from judgment based on a pro se litigant's claims of misunderstanding and duress, like in this case, are reviewed under the sixth subpart of Rule 60(b). Manning v. New York University, 299 F.3d 156, 162 (2nd Cir. 2002). The district court's decision on this point is discretionary, and is reviewable only for abuse of discretion. Lawrence v. Wink, 293 F.3d 615, 623 (2nd Cir. 2002).

**ARGUMENT**

**1.   Misunderstanding**

Plaintiff claims that he signed the agreement under duress and without full understanding of the agreement and/or advice by counsel. Plaintiff's Reply Memorandum, p. 1, para. A. Relief under Rule 60(b)(6) is only warranted under "extraordinary circumstances" or to prevent "extreme and undue hardship." Nance v. N.Y.P.D., 2002 U.S. App. LEXIS 4129 (2nd Cir. 2002)

citing DeWeerty v. Baldinger, 38 F.3d 1266, 1272 (2nd Cir. 1994).  In this regard, the court reviews the length of time spent in, and extent of, the settlement negotiations, the extent of plaintiff's participation in the negotiations, and the plaintiff's familiarity with the material items of the settlement agreement in order to ascertain the veracity of his claims.  See, e.g., Manning v. New York University, supra at 161-164; Mareno v. Madison Square Garden, L.P., 2001 U.S. App. LEXIS 23195 (2nd Cir. 2001).  The record on this score shows that the plaintiff negotiated this settlement thoroughly and spiritedly since April, 2003.  See, generally, Correspondence, Exhibit D.  Contrary to plaintiff's contention that he thought he would be allowed to receive tinted glasses as part of the settlement, it was made perfectly clear to plaintiff, repeatedly, that the settlement would not include any special agreement concerning inmate property; that plaintiff's ability to receive property would be subject to facility rules, not the settlement agreement.  See, e.g., Letter to Plaintiff dated October 10, 2003, Exhibit D, p. 44; Letter to Plaintiff dated December 26, 2003, Exhibit A, p. 53.  Also, the correspondence reflects that plaintiff did discuss the settlement with an attorney.  See Letter from Plaintiff dated February 24, 2004, Exhibit D, p. 76; Letter to Plaintiff dated October 10, 2004, Exhibit D, p. 44.  Moreover, the volume and thoroughness of the negotiations make clear that plaintiff understood and assented to settlement and knew that "I won't be allowed property rights."  Letter from Plaintiff dated January 7, 2004, Exhibit D, p. 54.

The tenor of his most recent correspondence and pleadings indicate he is still willing to settle, but on new terms.  Obviously, plaintiff's intent is to open the settlement so he can renegotiate a better deal.  This is not just or fair and is not grounds to void a settlement. "[A] plaintiff's change of mind does not excuse her [or him] from performance of her [or his]

obligations under the settlement agreement." Manning v. New York University, supra at 163 quoting Evans v. Waldorf-Astoria Corp., 827 F. Supp. 911, 914 (E.D.N.Y. 1993). Wherefore, we urge the court to reject plaintiff's effort and find that plaintiff "knowingly and voluntarily entered into the settlement agreement and that he had ample time to consider the agreement's terms." Mareno v. Madison Square Garden, supra.

**2.     Failure to Assign Counsel**

Plaintiff claims that the court erred in failing to appoint counsel for him in this case, thereby forcing him to settle or lose at trial. Plaintiff's Reply Memorandum, p. 3; Motion Requesting Review, pp. 1, 3. The claim is without merit.

Plaintiff did make several motions for appointment of counsel in this case. The first ones were denied. See Ruling and Order dated August 17, 2001, Exhibit E. In the most recent decision, his request was denied as premature for failure to show that he was unable to obtain legal assistance. See Ruling and Order dated May 27, 2002, Exhibit F. The settlement came before the court acted on the latest motion. Nevertheless, the court cannot be faulted for not appointing counsel for plaintiff. Plaintiff has no right to appointment of counsel in this kind of civil lawsuit. See, Lassiter v. Dept. of Social Service, 452 U.S. 18, 26-27, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981). Appointment of counsel in a civil case is a privilege, and not a constitutional right. Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982). There is absolutely no right to counsel in civil cases. Johnson v. Teasdale, 456 F. Supp. 1083, 1089 (W.D. Mo. 1978). Under 28 U.S.C. § 1915(e)(1), "The court may request an attorney to represent any person unable to afford counsel." (Emphasis added). Federal courts are not authorized to require an

4

attorney to represent an indigent litigant in a civil case. Mallard v. United States District Court, 490 U.S. 296, 298, 109 S. Ct. 1814, 104 L.Ed.2d 318 (1989).

The Second Circuit has made it clear that before an appointment of counsel is even considered, the indigent person must demonstrate that he is unable to obtain counsel. Hodge v. Police Officers, 802 F.2d 58, 61 (2nd Cir. 1986) cert. denied 502 U.S. 996 (1991). Plaintiff has not yet made that demonstration. To the contrary, he has demonstrated that he has consulted with counsel. See, e.g., Letter from Plaintiff dated February 24, 2004 Exhibit D, p.76, Letter to Plaintiff dated October 10, 2004, Exhibit D. p. 44; see also Ruling and Order dated May 27, 2002, Exhibit F; Ruling and Order dated January 30, 2002, Exhibit G; Ruling and Order dated November 2, 2001, Exhibit H. Accordingly, we urge the court to decline to set aside the settlement in this case for failure to assign counsel to plaintiff.

**3.    Erroneous Rulings**

Plaintiff also complains that the judgment should be set aside because the court erroneously denied counsel preventing him from obtaining or making videotapes, which are contraband in the hands of a prisoner; Plaintiff's Motion Requesting Review dated May 8, 2004, p. 1; in erroneously closing the entire case after rendering judgment for defendants in a mandamus in aid of litigation; Motion Requesting Review, p. 2 and in returning his pleading due to the erroneous closure. Id. See also Plaintiff's Reply Memorandum dated May 6, 2004, pp. 1, 2, 3. These are not grounds for setting aside a judgment. Rule 60(b) is not a vehicle for litigating issues which could have been asserted on direct appeal. Mills v. Energy Transportation Corp., 2002 U.S. App. LEXIS 19602 (2nd Cir. 2002) citing Branum v. Clark, 927 F.2d 698, 704 (2nd Cir. 1991). Plaintiff cannot relitigate claims previously decided without evidence of an

abuse.  <u>Harper v. King</u>, 2002 U.S. App. LEXIS 11226 (2nd Cir. 2002) <u>citing</u> <u>Transaero, Inc. v. LaFuerza Aerea Boliviana</u>, 162 F.3d 724, 729 (2nd Cir. 1998).  In the instant case, the trial court did not need to revisit the points raised by plaintiff because he agreed to a settlement, resulting in these issues becoming moot.  There was, therefore, no abuse.

## **CONCLUSION**

For all of the foregoing reasons, we urge the court to deny plaintiff's efforts to have the settlement in this case set aside.  This brief is filed in both <u>Lebron v. Armstrong</u>, No. 3:01 CV 241 (CFD) and <u>Lebron v. Armstrong</u>, No. 3:03 CV 1269 (EBB) as both cases were involved in this settlement and orders dismissing the cases with prejudice were entered in both.

DEFENDANTS
John Armstrong, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: \_\_\_\_\_/s/_____
Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct05222
E-Mail:  robert.vacchelli@po.state.ct.us
Tel.:  (860) 808-5450
Fax:  (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 14th day of June, 2004:

Luis A. Lebron # 185091
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT 06080

```
               /s/
       Robert F. Vacchelli
       Assistant Attorney General
```