# EXHIBIT D

Dear Mr. Vacchelli,

April 8, 2003

Re: Lebron v. Armstrong, et al.

     I'm interested in a settlement, but with all due respect, it's a one time shot. Should this offer be denied by the defendants, I shall not ever offer, nor accept any offer from the defendants regardless of what it is, and demand a jury trial. The trial alone will cost alot more than what I'm asking for, not to mention compensatory and punitive damages which I'm possitive I will be awarded once the jury see's a dramatization of what happened in that van as well as see's the contridictions between the medical reports and the video which clearly prove the medical reports were purposely falsified in an attempt to cover the incident up. I believe that's a Federal offense to which I informed the warden, the commissioner, and Governor about, yet nothing was done. That even by the Complex warden.

     Anyway, as you know, I'm waiting on the Courts decision on my motion to sue the State through the D.O.C. ( Guillette v. State through D.O.C., 383 So.2d 1287, 1289 ( La. App. 1980) for retaliation by the defendants because of my grievances, claims, and lawsuit. Once I started requesting to want to speak w/ the State Trooper to press charges and making threats about me suing, etc. Since then, I keep being transfered every 6-12 months, lose my jobs, and my property disappears w/o a trace while I'm in the possession of the D.O.C

storage and D.O.C safe. The record will clearly prove that I never had issues w/ my property vanishing until after I started w/ the claims against the defendants. It wont be hard for the jury to infer retaliation. The D.O.C investigated the issue yet couldnt locate my property even though the record shows the property was in the D.O.C's possession. "Where is my property"? This wont be hard to prove to the Court or jury Mr. Vecchielli.

My fiancée has downloaded the names + addresses of (20) law firms and lawyers who take pro-bono cases. I sent her an (8) page letter along w/ the courts decision on your motion to dismiss to have her make (20) copies of both and mail a copy to each attorney and law firm requesting representation. They're for after your response to my offer. I'm only doing this because I have (3) other cases im working on and I really dont have time to be doing research etc; on this case. I rather work on my freedom. So, if you refuse this offer and one of the pro-bono attorneys takes my case, there will be NO settle-ment unless its very substantial and just.

On my claim to the claims commissioner I asked for $2500 only because that was the limit. I wouldve asked for more. My offer is for $10,000.⁰⁰ and an apology from the defendants. Please inform the defendants and get back to me A.S.A.P please.

②

I feel that the $10,000.⁰⁰ is fair and just, although the defendants should be hit up punitive damages aswell. I still suffer from anxiety every time I get on a transport vehicle to go to court because of the incident. I barely come out of my cell because I no longer trust officers. I believe they're planning to set me up and that they're all conspiring against me because of my suit and complaints against a fellow co-worker. I've never had such emotional problems or beliefs before, and I was never locked in my cell in fear of officers until this incident. This incident has even left me scared, and suspicious of medical aswell. I don't trust anyone here now. All of this will come out in trial should the defendants refuse the offer.

I'll await your response.

P.S The interrogatories are for the defendants to answer should the offer be denied.

P.S.S

Sincerely,

Luis A. Jepson.

After I filed that motion to sue the State for retaliation etc; in losing my property. A sample of my signature was taken from me Inquiry into the reason for it came out negative. No one knows why it was done. If the defendants are attempting to forge my signature onto a property matrix sheet regarding my property, I will have the court get a hand writing specialist to prove the signature was forged. The D.O.C must keep the original documents along w/ the signature. The defendants will only be digging a deeper grave for themselves.

③



**RICHARD BLUMENTHAL**
ATTORNEY GENERAL

MacKenzie Hall
110 Sherman Street
Hartford, CT 06105-2294

Office of The Attorney General
# State of Connecticut

Tel: (860) 808-5450
Fax: (860) 808-5591

April 25, 2003

Luis A. Lebron # 185091
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410

Re: **Lebron v. Armstrong, et al.**
    **Civ. No. 3:01 CV 241 (CFD)**

Dear Mr. Lebron:

Thank you for your letter dated April 8, 2003, offering to settle the above case for $10,000. I have discussed your proposal with my Office.

Your offer is rejected. However, I may be able to counter-offer a settlement at $500. This would be subject to the approval of my Office, Commissioner Lantz, and the defendants. Also, we would require no admission of liability or wrongdoing by any defendants, a dismissal of the case and a general release. I would prepare the necessary papers. If this is acceptable to you, please let me know and I will attempt to obtain the necessary approvals. If I can get the approvals, I will send the papers to you for signature and return to me for further processing. Please advise.

Very truly yours,

Robert F. Vacchelli
Assistant Attorney General

RFV

Dear Mr. Vecchelli,                                    April 28, 03

RE: Lebron v. Armstrong, et al. Civ. no. 3:01 CV 241 (CFD)

Thank you for your consideration regarding my offer of settlement.

I however, must reject the counter-offer of $500.00 and wait for the outcome at trial even though im well aware that it could take some years. I have another 21 years to do in jail. I have the time, ironically enough.

Again, thank you.

Sincerely,

Luis A. Lebron

P.S.

About how much time will it take to get the responses to my first set of interrogatories and request for discovery?

Dear Mr. Vacchelli;                                                                 5·9·03

I recieved your motion for extension of time. I had no idea that we were actively negotiating a settlement. I thought your office denied my settlement request. Inform me if im mistaken please.

I have just learned that my motion for amending my complaint adding retaliation against the defendants for my suit was denied. Enclosed is a second motion. Should that one be denied, ill have no choice but to file a separate Fed. suit against the defendants. I have requested (3) 1983 forms to fill out and have ready to file should the amendment be denied. Two separate claims should be avoided as it would cost the State more money to defend two suits rather then one.

For the record, I will not settle for anything under $10,000. All the cited cases I have regarding similar cases have had awarded many damages over $10,000, and that was only for assault / excessive use of force whether it was needed or not. My case also includes an attempted cover-up, false reports, fabricated incident to justify the use of force, medical treatment denial, assault & battery, and now retaliation. The dates my property vanished into thin air were all after 10/29/98. My D.O.C record will show I never had property issues (vanishing) prior to my complaints about the 10-29-98 incident. The record also shows the defendants had possession, not me.

6

A quick settlement of $10,000 would clean the board. No further action would be taken or filed by me. If I have to file a separate retaliation suit, it will be for separate money damages etc;.

A quick settlement now for $10,000 would be more than a break for the defendants. A dramatization video for the court and jury would prove no force of any kind was necessary, that it was done maliciously, and it will also show the medical reports were falsified. Punitive damages will be high due to the above, and the attempted cover up, not to mention inquiry into past incidents at Northern Corr. Ins.

Please let me know.

Respectfully,

*[signature]*

Dear Mr. Vacchelli;                                                    So 12·03

RE: Lebron v. Armstrong et al  3:01 CV241 (CFD)(WIG)  Re-Negotiation / settlement offer

        I have an idea that will be very good for the defendants, two fold. (A) it will spare the State and defendants from another suit, and (B) the defendants wont have to reimburse me for the property they lost while in their possession, which they lost on purpose in retaliation for my suit.

        The O.O.C/defendants lost over $600 worth of my property while in O.O.C safe and O.O.C storage. ( cassette player, adapter, tapes, sweat suit, p.j.s, watch, earrings, sneakers, my street clothes, fiancee's pregnancy test, headphones, etc) All of which were in possession of the defendants each time my property vanished. I alleged sufficient facts on my amendment upon which retaliatory animus could be inferred by the court and the jury. The record will <u>clearly prove</u> that my property didn't start to <u>vanish</u> until after I started comp-laining about the 10·29·98 incident.

        Anyway, here's my proposal. I will not pursue a suit for my property against the defendants ( over $600) if the defendants / Commissioner authorizes to allow my family to send me some of the "lost property" at <u>no cost</u> to the defendants. My family will buy it all new, and the defendants wont have to pay me back for the property they lost. For allowing me to get those items, I will not pursue any civil action to have them pay me back. There should be no problem w/ authorizing the items because

⑧

the items are permitted and sold in commissary by the D.O.C.

Here's the overall deal. I would like for the following items to be authorized by the Commissioner.

1) a pair of sneakers  *
2) a pair of boots
3) 14 cassette tapes *
4) a bathrobe *
5) a pajama set *
6) a sweat suit *
7) a watch *
8) a chain and religious medal

The D.O.C allows inmates to have all the above named items. Some of these were lost by the defendants. (*) I will not pursue the suit for my property and settle my pending suit for $6,000. Or, have the Commissioner authorize all the above named items, and they won't have to reimburse me for the property they purposely lost, nor will I file a suit for it.

My people are leaving to P.R for about 6 months around mid July, so I need to know if the items / settlement offer is excepted before them so I can have someone here/home to purchase the items for me from the stores.

Please advise A.S.A.P.

Sincerely, Luis A. Gibson

⑨



**RICHARD BLUMENTHAL**
ATTORNEY GENERAL

MacKenzie Hall
110 Sherman Street
Hartford, CT  06105-2294

Office of The Attorney General

## State of Connecticut

Tel: (860) 808-5450
Fax: (860) 808-5591

May 19, 2003

Luis A. Lebron # 185091
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410

Re: **Lebron v. Armstrong, et al.**
   **Civ. No. 3:01 CV 241 (CFD)**

Dear Mr. Lebron:

Thank your for you letter dated May 12, 2003, offering to settle the above case for $6,000 plus property to be sent by your family.

Your offer is rejected.  However, I may be able to counter-offer a settlement at $1,000 plus property.  Regarding property, Cheshire officials inform me that your family may send you: (1) a new pair of sneakers provided they are white or black only with no lights if you send back your current pair;  (2) a pair of boots provided they are 6" high with no metal clasps and black or brown only; (3) 14 cassette tapes subject to facility rules, if you send back your current 14 tapes; (4) a bathrobe provided it is solid color white or grey only; (5) a pajama set, provided it is solid color only; (6) a sweat suit subject to facility rules, if you send back your current suit; (7) a watch subject to facility rules, if you send back your current watch; and (8) a chain and religious medal subject to facility rules if you send back your current chain and religious medal.

This would be subject to the approval of my Office, Commissioner Lantz, and the defendants.  Also, we would require no admission of liability or wrongdoing by any defendants, a dismissal of the case and a general release.  I would prepare the necessary papers.  If this is acceptable to you, please let me know and I will attempt to obtain the necessary approvals.  If I can get the approvals, I will send the papers to you for signature and return to me for further processing.  Please advise.

Very truly yours,

Robert F. Vacchelli
Assistant Attorney General

Dear Mr. Vacchelli;                                    May, 22, 2003

RE: Lebron v. Armstrong et al. # 3:01 CV 241 (CFD)

Thank you for your letter dated May 19, 2003 and your counter-offer settlement of $1,000 plus property.

Mr. Vacchelli; I was doing the defendants a favor of not having to reimburse me over $600 worth in property the defendants lost while in "their possession," (retaliation purposes) for simply allowing my family to purchase and mail me most of the lost property at my own expense, not the defendants. In your letter, I get the impression that the only way I'll be allowed to get the property authorized would be if I settle for the $1000. The deal for the property was that if it was authorized, I wouldn't seek any action for reimbursement regarding the lost property which the defendants had in their possession (D.O.C storage and D.O.C safe) when it vanished into thin air.

I think you should have that eye doctor you have check me out. I just had an eye exam for new glasses and the eye doctor said that there's something seriously wrong with my eyes. That they keep getting worse for some reason. He recommended I be sent to UCONN for an eye exam and stated he wanted to check me out again in about (4) months.

The defendants left no u/ mace in my eyes for about (2) hours. My eyes were swollen, pink and itchy for about a week, and every since then my eyes got worse and worse. I'm going to need corrective

⑪

laser eye surgery. I have serious eye problems now, not to mention the anxiety and stress ive been put through behind this 1998 incident and retaliatory transfers and lost property.

The court just sent me the new 1983 forms. I read your opposition motion. Should the amendment be denied, to add retaliation, im sorry but i'll have to file another claim against the defendants in Fed. Court for retaliation even though as a pro-se litigant, the amendment should be allowed, and I believe it will be. It makes no sense to file two suits against the same defendants for an issue that arose from the same incident.

The retaliation and what the eye doctor said a couple days ago about my eyes getting worse etc, gives my case a boost. (Please have your doctor examine me)

Please let me know if the property is contingent on me accepting the $1000. Tell you what. I'll accept $3000 and the property for the incident, my pain, suffering and anxiety but i'll add a couple more items of property to the list, and i'll sign whatever you want. If not, disregard the whole thing.

Three thousand plus these extra items. (also allowed to be purchased in commissary / permitted)     SEE BACK

9) a pair of gym shorts,

10) a pair of headphones,

11) and a walkman

&ast; subject to facility rules &ast;

Inform the defendants that this is a very fair settlement offer, and that its my final attempt at it. Three grand and the (11) items.

Mr. Vacchelli, in all seriousness, this is my final offer. I realize you're trying to resolve this issue as best you could, and I appreciate it, but I can't keep letting the defendants get away w/ murder. The items and $3000 or we'll let a jury decide at trial. I'm not going to keep stressing this suit.

Please advise before I send in the new retaliation claim + motion for appointment of counsel against the defendants. I'll wait for your response.

Sincerely,

Chris A. Gibson

P.S.

If not, let me know if the defendants will agree to these items in return for me not pursuing legal action

13

for the last property. They won't have to pay me for the property they lost on purpose for simply allowing my family to send me the items. Remember, my family is <u>leaving to</u> R.R for 6 months in July.
        Thank you.

        I want to settle because I have other cases pending that need my full attention. This case is really interfering w/ my other cases.

Dear Mr. Vacchelli;                                                          May 27, 03
RE: Lebron v. Armstrong, Et. Al

I would like for you to inform your clients that should the settlement offer of $3000 and new property to be sent in from my family (subject to D.O.C rules and policies) allowable per inmate property matrix, I will not accept any other settlement, and upon reciept of a denial, I will immediately file a First Amendment violation suit against the defendants for retaliation against me for my letters, grievances etc; for this pending suit.

The fact that the record will prove that I never had issues w/ property vanishing into thin air until after my letters, complaints etc; which clearly shows a retaliatory animus and First Amendment violation by the defendants. Clearly the court and/or jury will infer that the 6-12 months transfers and mysterious loss of property was meant as punishment for me exercising my rights. Theres a jail house lawyer who just came here who is drafting up the complaint, motion for appointment of counsel, and memorandum of law in support of the claim and motion for appointment of counsel. Although he advised me of not settling out if indeed the eye doctor said something was wrong w/ my eyes and recommended I be seen by UCONN. He said that the hours I spent w/ mace in my eyes, w/o my eyes being flushed could've had severe and permanent damages to my eyes. So Mr. Vacchelli; should this final offer be denied, I will proceed w/ trial and no offer

(15)

of settlement will be accepted unless its over $10,000 I just want this case over w/ so I can concentrate on my criminal charges (Post conviction relief).

The following items are permitted in the facility per level 4 property matrix policy and rules.

All the property i'm requesting here is permitted and/or sold through commissary and will comply with facility rules and/or policy.

1) A pair of sneakers (in compliance w/ the rules)
2) A pair of boots (in compliance w/ the rules)
3) Two sweat suits (solid color)
4) T-Shirts (solid color, V-neck, strap or regular)
5) Two gym shorts (solid color)
6) A pajama set (solid color)
7) Shower sandals
8) Two towels (solid color)
9) Prescription eye glasses (non-metal)
10) A radio (8"x5" x 3" or less speaker wire removed)
11) Cassette player (6"x 4"x 2" or less)
12) 14 Tapes
13) Watch (in compliance w/ turning mine in.
14) Chain and religious medal (in compliance w/ turning mine in)

The electrical items will be purchased through a O.O.C company, including beard trimmers so as to meet all O.O.C standards.

(16)

Please inform your clients that they're coming off in this settlement as it saves them from another suit and from having to reimburse me for the property they intentionally lost to punish me. All the items on the list are allowed to be possessed or purchased through commissary, and comply w/ policies and/or rules. As such, should this offer be rejected ( $3,000 and the allowable/permitted property on the list) I will immediately w/draw any offers made and file a retaliation motion/lawsuit upon reciept of this rejection.

Please advise, Thank you

Sincerely,
Chris A. Leeson

P.S.

SEE NEXT PAGE AND ADVISE.

The following are cases cited for lawsuits alleging retaliation for complaints, letters etc; that the Jailhouse Lawyer said he was going to submit in a motion in memorandum of law in support of the retaliation / First Amendment violation suit to be filed should this offer be rejected by defendants. A retaliatory animus can be inferred by the court in reading the complaint. Please advise defendants

** First Amendment / retaliation lawsuits **

1) Brock v. Andolina, 826 F.2d 1266, 1268 (3d Cir. 1997)

2) Jackson v. Cain, 864 F.2d 1235, 1248 (5th Cir. 1989)

3) Cornell v. Woods, 69 F.3d 1383, 1387 (8th Cir. 1995)

4) Mitchell v. Farcass, 112 F.3d 1483, 1485, 1487 (11th Cir 1957)

5) Crawford-El v. Britton, 93 F.3d 813, 829 (DC Cir 1996)


The suit already pending citing w/ a retaliation First Amendment violation lawsuit will not look good for your clients. I shouldn't even be bothering to settle out and insist on trial. Please advise your clients that this is the final settlement offer by me.

Again, thank you.

Dear Mr. Vacchelli;                                                          5-28-03

RE: Lebron v. Armstrong, Et Al.   3:01 CV241 (CFD)(WIG)

A jailhouse lawyer has drafted a 1983 suit for me for retaliation by the defendants, and since my motion for leave to amend was denied, and I exhausted my state remedies (requests, grievances, claims commissioner and small claims court) my only left avenue is a civil suit. The request and grievances to have my property located failed. My property never turned up. The claims comm. office dismissed my claim because it lacked jurisdiction so did small claims on a motion filed by A.A.G Neil Perillo. I've exhausted my remedies.

I have just finished writing up the complaint in which a colorable claim against the defendants was made and has allegations and claims of fact in which a retaliatory animus can be inferred by the Court and jury. I also clearly stated that the defendants being sued now for retaliation etc; are indeed the same defendants on the suit you're defending.

I have just recieved notice that my appeal for my criminal case has been held over until September, so I have four months to work on these suits. I wanted to settle quick because I needed to concentrate on my appeal, but I now have several months to work on these civil cases.

The jailhouse lawyer also drew up a memorandum of law in support of the §1983 and a memorandum of law in support of appointment of counsel.

The defendants rejected my offer of settlement

(19)

even though it was very generous. Now they're going to have more to deal with for trying to get over on me. I didn't know that I could sue for retaliation. I just attempted to add it to my claim, based on something I read in a book. Now im told that I actually can sue for damages etc; and was given copies of the cases citing violations of the 1st, 4th, 5th, 8th, and 14th Amendments, for illegally seizing my property from D.O.C storage and D.O.C safe (jewelry) and losing or destroying my property in retaliation for my complaints against the defendants which add up to cruel and unusual punishment meant to oppress me, procedural due process and the intentional infliction of emotional under common law. I have a first Amendment right to speak or write about anything, even if its complaints about correctional officers without being punished or retaliated against, which the defendants did.

I knew something was wrong w/ my eyes since the problems didn't start until after the 10-29-98 incident. I just don't know how serious it is or how much I can get awarded. Should UCONN inform me that my eyes are worse than what I believe, your clients may regret not settling out. All the cases involving similar issues that ive seen are for over $10,000. Thats why I offered to settle for $10,000. However, now theres going to be two lawsuits arising out of one incident, and me learning my eyes are worse than I thought and may ~~may~~ need surgery to fix. With the new info I learned, I must withdraw my last offer

regarding money. The most the Claims Commissioner can grant is $7,500. That claim only involved the 10-29-98 incident. Now theres the retaliatory issues involved and the loss of over $600.00 worth in property that was in the defendants possession, (Property from D.O.C safe and D.O.C storage doesn't just mysteriously vanishes into thin air) it was obviously lost or destroyed on purpose, which is a procedural due process violation. I have copies of numerous cited cases dealing with the herein mentioned. My property didn't start vanishing into thin air until after my complaints of the 10-29-98 incident now pending. And the record will show <u>no</u> issues of vanishing property even happened to me before, in the (11) years I've done in jail. The jury can easily infer a retaliatory animus and award damages, including punitive.

Inform your clients of the new lawsuit that I'm getting ready to file, should this offer be denied. Inform them aswell of the fact that the eye doctor said my eyes were bad due to some injury and had recommended I be seen at UCONN. Should I get bad news up there, I will not settle at all. For <u>both</u> lawsuits, i'll settle for $7,500, most allowable by the Claims Comm. office and property that inmates ▓▓ are permitted to have and posses.

Please advise.

Sincerely,

Chris A. Jebson

These are some of the cases ~~xxxx~~ cited for:

1st, 4th, 5th, 8th and 14th Amendment rights violation etc; for retaliation, 1st Amend violation, procedural due process etc;

1) Brock v. Andolina, 826 F.2d 1266, 1268 (3d Cir 1997)

2) Jackson v. Cain, 864 F.2d 1235, 1248 (5th Cir 1989)

3) Cornell v. Woods, 69 F.3d 1383, 1387 (8th Cir 1995)

4) Mitchell v. Farcass, 112 F.3d 1483, 1485, 1487 (11th Cir 1997)

5) Crawford-El v. Britton, 93 F.3d 813, 829 (DC. Cir. 1996)

6) Colon v. Coughlin, 58 F.3d 865, 872 (2nd Cir. 1995)

7) Babcock v. White, 102 F.3d 267, 275 (7th Cir 1996)

8) Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989)

9) Penrod v. Zavaras, 94 F.3d 1399, 1404-06 (10th Cir 1996)

10) Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11th Cir. 1989)

Confer w/ your clients and office about the settlement offer and please inform them that should it be rejected and I file my second suit for retaliation etc; there will be no settlement unless the offer is high, especially if Uconn doctors give me bad news regarding my eyes.

**RICHARD BLUMENTHAL**
ATTORNEY GENERAL



MacKenzie Hall
110 Sherman Street
Hartford, CT 06105-2294

Office of The Attorney General
# State of Connecticut
June 9, 2003

Tel: (860) 808-5450
Fax: (860) 808-5591

Luis A. Lebron # 185091
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410

Re: **Lebron v. Armstrong, et al.**
**Civ. No. 3:01 CV 241 (CFD)**

Dear Mr. Lebron:

This is in response to your letters dated May 22, 27 and 28, 2003, seeking to settle the above case and a future case concerning lost property and retaliation.

I may be able to settle these matters for $1,500 plus the property delivery from your family you requested in your earlier letter. This assumes your property has not changed since my earlier letter. If it has changed, please understand that your property possession must be in accordance with prison rules. You also requested delivery from your family of more property. Prison officials inform me that you may obtain gym shorts, provided it is solid grey, and you may obtain a headset and walkman, provided you send away your present headset and walkman as required by prison rules.

This would be subject to the approval of my Office, Commissioner Lantz, and the defendants. Also, we would require no admissions of liability or wrongdoing by any defendants, a dismissal of the above case and a general release. I would prepare the necessary papers. If this is acceptable to you, please let me know and I will attempt to obtain the necessary approvals. If I can get the approvals, I will send the papers to you for signature and return to me for further processing.

Luis A. Lebron
June 7, 2003
Page 2


       With regard to your request for medical examination, this is a matter within the
jurisdiction of the medical department at your prison.  Please address your medical requests to
that office.

       Also, please note that this is our final counter-offer at this time.


                              Very truly yours,

                              Robert F. Vacchelli
                              Assistant Attorney General


RFV

Dear Mr. Vacchelli,                                              6/20/03
RE: Lebron v. Armstrong et al   3:01 cv 241 (CFD)

This is in response to your letter dated June 9, 2003. I must respectfully decline your offer. I have been more than willing to settle this case at a minimal cost to your clients but it seems that isn't enough.

I have no choice but to file the retaliation claim against your clients. I have recently spoken to Atty. Speyer regarding the copies needed of the suit. He has informed me that he has my complaint and will make the necessary copies and forward them to me. Incase your wondering, I have exhausted my remedies regarding my property so a motion to dismiss based on that arguement would be fruitless. Also, I have stated numerous facts in the retaliation claim against your clients that show a retaliatory animus which can easily be inferred by the court and/or jury. Since I wasn't allowed to amend my petition, I have no other way to go.

My family is leaving in about 3 or 4 weeks so im basically out of luck cause I have noone else to purchase my property (in accordance to prison rules), so your clients basically screwed me over again.

I don't know if you'll be handling that lawsuit aswell. Since its against your same clients, I would think you would. If so, you may ask Atty. Speyer to send you a copy of it ahead of time

25

I will be filing it about 3 weeks from now. I'm waiting on several documents from home that prove exhaustion before I file it.

Thank you for your time and attempt to settle this issue. I understand that its your clients who are trying to get over, not you.

Sincerely,

Luis A. Johnson

Dear Mr. Vacchelli,

6,30,03

I see that your clients are still playing games. I have done further research and learned that the court has erred in not allowing me to amend the petition and in appointing counsel which apparently has caused me prejudice since I was not aware of the time limit for discovery etc; im working on that now.

I'm forced to file the retaliation suit aswell and you should inform your clients that im done playing around.

Inform them that ill take $5,000 and any property in accordance w/ D.O.C rules, as a settlement, and that if rejected, and I file the retaliation suit aswell, there will be "no" settlement unless its double this offer. Both suits will go to trial.

Mr. Vacchelli, im very serious about this last offer of settlement. Your office and clients should know that this is my last attempt to settle for crumbs. In between the assault and retaliation claims/suits, you and I both know I can get more and that the trial will also cost the State more money than my settlement offer. Please advise. Last attempt to settle: $5000 and any property in accordance to D.O.C rules + policies.

Sincerely,

Luis A. Gibson

27

Dear Mr. Vacchelli,                                                           2/10/03

I have been informed that several pro bono attorneys are interested in taking my case. However, their contingency fee is to high. I'll wait to see what happens w/ my motion for appointment of counsel first.

A law firm seemed very exited about my case and asked me if the allegations about the falsified reports and the video tape are true. They also said that if those medical and incident reports say one thing and the video another, that even if I had no to minimal injuries, the punitive damages alone for that would be high, either by trial or settlement as the defendants would have incentive to settle out or face criminal charges after trial when it all comes out in court. I've been saying this exact same thing. However, they said that it could take years before trial which is the bad news, but the good news is that it will mean more years of treatment for the eye injuries and mental health issues for stress, depression, fear and anxiety whenever im on a transport vehicle or a court trip.

I believe that even if I agreed to pay the 40% contingency fee to the firm, it will still be higher than the $5000 I offered to settle for. However, I wont have to worry about it anymore. It'll be on the lawyers hands. I can concentrate on my criminal cases. $5000 and any property in accordance w/ D.O.C rules/policies is my final offer for your defendants. NOTE: I havent even told them about

28

the retaliation suit against the same defendants for this present suit.

Please advise A.S.A.P

$5000 and any property in accordance with D.O.C rules.
"$5000," Not a penny less. Advise defendants.   Sincerely,

Kris A. Jackson

P.S
    Several of my letters to defendant Armstrong / Lantz
have been forwarded to you or your office but haven't
been answered or acknowledged by you or your office.

NOTE:
    Once counsel is appointed there will be
no settlement regardless of the outcome. I'm sorry.