

**RICHARD BLUMENTHAL**
ATTORNEY GENERAL

MacKenzie Hall
110 Sherman Street
Hartford, CT  06105-2294

Office of The Attorney General
## State of Connecticut

Tel: (860) 808-5450
Fax: (860) 808-5591

July 11, 2003

Luis A. Lebron # 185091
Cheshire Correctional Institution
900 Highland Ave.
Cheshire, CT 06410

Re:  **Lebron v. Armstrong, et al.**
     **Civ. No. 3:01 cv 241 (CFD)**

Dear Mr. Lebron:

    Thank you for your letter dated June 30, 3002, offering to settle this case for $5,000.00 and property.  Your offer is rejected, and we are unable to make a counter-offer at this time.

Very truly yours,

Robert F. Vacchelli
Assistant Attorney General

RFV
enc.



Dear Mr. Vacchelli;                                             Aug. 26, 2003

RE: Lebron -v- Armstrong et al   01-CV-241 (WIG) (CFD)

I'm writing to inform you that I'll settle the above mentioned suit for the $1,500 provided that I'm allowed to have my family send me some property and I'm allowed to purchase the rest directly from the company that D.O.C'' commissary purchase the items from. I also ask that the state waive its lien w/ respect to the settlement. Also, a letter from the commissioner stating that none of my property can be taken from me once I'm at another facility. Should that facility not allow certain items, they're to be stored until I get transfered, because I'm not going to settle, be allowed the property, transfered and then lose the property and forced to send it home. The only items that one or two facilities don't allow are extension cords and robes.

All of the property I order new will be in accordance to "D.O.C rules and policies." I have gone over the administrative directives, commissary lists, and inmate hand book and property list (allowable items) and all of the items I wish to order, are "allowable items" for inmates so there won't be any problems there.

Advise your clients and the Commissioners office that in regards to the property, the items are all allowable and will be purchased directly from the company that D.O.C's buy their commissary items from, so there won't be any issues concerning anything because D.O.C buys the items from them themselves.

31

Please advise A.S.A.P. Thank you for your attention w/ this matter.

Sincerely,

Luis A. Gibson

P.S.

The D.O.C provides us w/ sheets and blankets. They're never new. They're old, dingy, torn and have unremovable and/or unidentifiable stains on them. I would like to purchase my own set of sheets and blanket to be added to my running inventory of property. Meaning I take my own personal sheets and blanket w/ me whenever I get transfered. The D.O.C will never have to provide me constantly w/ sheets or blankets. I'll purchase my own from the D.O.C store. Thank you.



RICHARD BLUMENTHAL
ATTORNEY GENERAL

MacKenzie Hall
110 Sherman Street
Hartford, CT 06105-2294

Office of The Attorney General
## State of Connecticut

Tel: (860) 808-5450
Fax: (860) 808-5591

September 15, 2003

Luis A. Lebron, #185091
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410

Re: **Lebron v. Armstrong, et al.**
     **Civ. No. 3:01 CV 241 (CFD)**

Dear Mr. Lebron:

Thank you for your letter dated August 26, 2003, offering to settle this case for $1,500 with a waiver of the state's lien, plus certain special property rights.

Your offer is rejected. However, I may be able to settle this case, plus any related litigation regarding lost property and retaliation, for $1,500 plus an agreement that debts due the state will not be collected from the check, but no debts would be excused and no special property rights would be included.

This would be subject to the approval of my office, Commissioner Lantz, the State Financial Services Center and the defendants. Also, we would require no admissions of liability or wrongdoing by any defendants, a dismissal of the above case and any related litigation regarding lost property and retaliation, and a general release. I would prepare the necessary papers. If this is acceptable to you, please let me know and I will attempt to obtain the necessary approvals. If I can get the approvals, I will send the papers to you for signature and return to me for further processing.

Very truly yours,

Robert F. Vacchelli
Assistant Attorney General

RFV

33

Dear Mr. Vacchelli,                                                      9.18.03

Lebron v. Armstrong, Et al.   Civ. # 3:01 CV241 (CFD)

     This is in response to your Sept. 15, 2003 letter regarding settlement of the above suit, which you now rejected. Mr. Vacchelli, you contacted the D.O.C regarding property etc; and it was all agreed. The D.O.C stated it wasn't a problem. You offered to settle for $1,500 and property to be sent in provided it was in accordance w/ D.O.C rules + policies. I now accepted your offer and you in turn reject it.

     My family has already purchased my boots, tapes, sneakers, chain, watch, shower sandals etc; months ago. They can no longer be returned. Now, even though you proposed that I could before, you now say I get no special property rights.

     My retaliation suit has nothing to do w/ the agreement to settle for the offer of $1,500 + property. I stated that I would drop both suits for $5,000 + property which you rejected. I agreed to your proposal of $1,500 + property. If no special property rights are included, there's no need for me to settle and there will be no need of any further talk of settlement for either suit. I will opt for jury trial. I have nothing but time. Especailly after my family has already spent hundreds on property for me which the D.O.C purposely lost in the first place.

     If this offer of settlement is rejected now, after it was already proposed by you, we can forget about any talk of settlement Mr. Vacchelli.

I'm in the process of starting further retaliation and harassment claims against several staff members here. My regular mail isn't being mailed out nor reaching their destination at all which I found out a few weeks ago in a visit. I'm constantly being shaken down, my legal mail + papers were taken and held for two weeks w/o explanation and numerous documents from several of my cases are missing. I'm not getting any mail and for some reason my money orders are being returned to the sender. I have written numerous requests and grievances months ago and none have been responded to, (for obvious reasons). So, once more I attempt to settle all matters including those I'm about to persue against Cheshire and officials here for $5,000 plus property, or settle ( 3:01 cv-241 (CFD) ) for your proposed settlement of $1,500 + property. If I can't get property, I'm not settling at all.

Please advise A.S.A.P before I take any further action regarding retaliation issues.

Thank you.

Sincerely,

Luis A. Gibson

Dear Mr. Vacchelli;

I'm writing to inform you that your clients had the balls to transfer me again and w/hold property even after filing my retaliation lawsuit in which I claimed exactly what they just did. How stupid can your clients be?

I have 30 years to do. I have been patiently waiting to be moved to South block to get a job out in the shops so I can earn money, and after I get classified for an outside clearance job as I have been D.R. free for over (5) years and im settled in, boom! I predictably get transfered right on schedule, just like clock work.

Now your clients are harassing me by w/holding my t.v. walkman, trimmers, (2) legal book, legal documents, clock, etc; and I know they're not going to be stupid enough to claim the property cant be located once again. I had my sister borrow money against the $1500 you offered so she can purchase some of my already missing property. My sister lives pay check to pay check and has four kids to support along w/ our aging mother. There is no way she'll be able to send me over $400.00 to re-purchase everything new. I sent home all of my reciepts for copies to prove I re-purchased all the missing property from the past times the D.O.C lost my property while in D.O.C storage and I cant do it again. It's football season and I don't have my t.v. etc; simply for harassment purposes. I had attorney Speyer call Cheshire and still nothing. I suggest you call Cheshire aswell and find out not only where my property is, but why was I transfered?? I was going to start working soon.

To date, I havent recieved my property and ive been left w/ nothing to eat watch or hear, and im going crazy Mr. Vacchelli. There's only so much abuse I can take before I finally

(36)

lose control and snap. I can't be w/o a t.v., if I didn't have one I could deal w/ it, but knowing I have one but that the D.O.C is screwing w/ me is eating me up inside really really bad. I want my property Mr. Vacchelli, and if the D.O.C claims its vanished and can't be located like all the other times, they better provide me w/ a brand new color t.v. from commissary on a loaner until my property is found or im reimbursed. I'm not going to go for months or years w/o a t.v., walkman etc, im seriously going crazy w/o my t.v. and its only been two weeks. And now im getting pressure from the outside to pay back the $300.⁰⁰ my sister borrowed to purchase my property because I believed I would have the $1,500 you proposed by now, then you write back saying no property after we agreed on property to be sent in for me. I feel like your playing games w/ me to just for the hell of it, I don't understand. UCONN said my eyes are bad, they gave me medication which I have to use twice a day and I agreed to settle for peanuts and you people are still trying to get over on me.

I'm going to amend my retaliation suit and also do research to see if I can have the court order (now or after trial) the defendants to pay for my corrective laser eye surgery since im poor and can't afford it and was caused by the unnecessary excessive use of force by defendant Samuels and being maced and left maced w/o medical care for about 3 hours or so.

I have to amend my retaliation suit to add this latest episode by the defendants which adds up to nothing more than harassment. $1,500 + property for the mace incident or $5,000 + property for both. Please advise and have the D.O.C provide me w/ a loaner A.S.A.P of my property isn't located. The lenses im left w/o

t.V. etc; the more mental anguish, anxiety and stress i'm unnecessarily put through by the defendants which is cruel + unusual punishment for exercising my right to redress the wrong committed against me. I've been very paranoid since this all started Mr. Vacchelli. It's getting very serious.

Sincerely,

Luis A. Gibson

United States District Court
District of Connecticut

Luis A. Lebron

    v

John Armstrong, ET AL.

Civil # 3:03 CV 1269 (EBB)

Oct. 6, 2003

<u>Sworn affidavit by the plaintiff
as to exhaustion-remedies</u>

1.    The Court has ordered this plaintiff to file proof of
exhaustion for my retaliation and harassment filed in federal
court. I could not reply to the Court order until now because
at Cheshire C.I. as I stated in several letters, the counselors
or other staff refused to provide me with envelopes, paper or copies
needed for court because per D.O.C policy I wasn't indigent/ w/o
funds for 90 days despite proof that I had <u>no funds</u> in my account.
This was the main point in my 9-17-02 Writ of Mandamus which to
date hasn't been ruled on.

2.    The plaintiff has been transferred to MacDougall C.I.
where the counselor here has been kind enough to provide me with
envelopes in which to respond to the Court order and other legal
cases, even though its over due. However, that was the fault of Cheshire
C.I counselors, not MacDougall C.I.

3.    The plaintiff swears that he has attempted to exhaust
his remedies regarding retaliation and harassment just as he did

with the excessive use of force incident that lead to serious eye injuries aswell as all the lost property. This plaintiff knows that he must exhaust his remedies prior to filing a suit, otherwise he would be throwing away $150.00 on a dismissed lawsuit for failing to exhaust his remedies.

4.    The plaintiff has attempted to exhaust his remedies by way of requests, grievances, and letters to certain staff officials, the Commissioner and Gov. Rowland but all have failed to respond. The plaintiff has even attempted to have D.O.C staff sign off on an affidavit claiming I sent a request, letter or grievance to so and so on said date as proof of sending it to them, but all staff members refused to sign them.

5.    When the plaintiff had the funds, he attempted to send the requests, letters, and grievances by way of certified mail, but the D.O.C staff refused to allow me to do so even though I was paying for it.

6.    The plaintiff then writes the Commissioner about adopting the same procedure used in Rhode Island D.O.C where request slips come in "quadruplicates", in which a C/O must sign the original proving that request was submitted, he then rips out one of the copies and gives it to the inmate with the staff officer who signed off on the request mailing the remaining (3) to whom ever its addressed to. The plaintiff gets a letter stating that NO practices or policies would be changed due to my advise, and something about it not being cost effective at this time.

7.    The D.O.C does not want to adopt the practice/procedure used in Rhode Island after an inmate won a federal lawsuit a couple of

years ago that forced the R.I. D.O.C to use requests in quadruplicates because then the D.O.C can't claim that I, or other inmates, never wrote to them as they've been doing to me for years now, which covers their tracks and allows the D.O.C and the defendants to allege I never wrote to them, while at the same time preventing me and/or other inmates from exhausting their remedies or proving they attempted to. That is why I attempted to have staff sign an affidavit proving service, yet all refused. They also refused to allow me to send it by way of certified mail when I had the funds for it.

8.  This affidavit should be taken as true as the plaintiff is very aware that failure to exhaust remedies will lead to dismissal. The Court should then take into account that I have exhausted my remedies for the _mace incident_ aswell as the ~~missing property issue~~ prior to filing a suit, so why wouldn't I then exhaust my remedies for the retaliation and harassment? The D.O.C staff will NOT acknowledge reciept of any requests or grievances that would show I attempted to exhaust my remedies.

9.  The plaintiff has submitted letters, affidavits and/or motions complaining about the fact that D.O.C staff refuses to acknowledge or respond to certain requests, letters and grievances.

10.  Upon speaking w/ attorney Speyer at I.L.A.P regarding this exhaustion issue. He instructed me to file this affidavit.

11.  I would also like to mention that right after having

4I

filed this retaliation and harassment lawsuit claiming the D.O.C keeps transfering me every 6-12 months and losing my property in the process. I get transfered just when I was getting ready to start work soon, after waiting for about a year, plus my t.v., walkman, tapes, beard trimmers, headphones, legal documents and (2) legal books are missing, strictly for harassment purposes. I have been w/o said property for two weeks now while everyone else got their property the same day or the next day at the latest. Clearly for retaliation and harassment purposes only which add up to cruel and unusual punishment. Thats another $400.00 and change in property lost, stolen or damaged while in D.O.C possession depending on what their claim will be at the end of inquiry regarding my property. The plaintiff has commissary reciepts for all of his property proving he purchased and own said property.

*Luis A. Lebron*

### Certification

I, Luis A. Lebron hereby certify that a copy of the foregoing was mailed to Asst. Atty. General Robert F. Vacchelli at 110 Sherman Street, H.t.f.d, Ct. 06105-2294 on this ___ day of Oct. 2003.

*Luis A. Lebron*

cc:  United States District Court
     915 Lafayette Blvd.
     Bridgeport, Ct. 06604

HI-SM Leo A. Lebron #/65091
ELLIS MACDOUGALL
CORRECTIONAL INSTITUTION
1153 East Street South
Suffield, CT 06080

10-6-03

State of Connecticut
Office of the Attorney General
Asst. Atty General Robert F. Vacchelli
110 Sherman Street
Hartford, CT. 06105-2294

06105+2294

LEGAL

43



RICHARD BLUMENTHAL
ATTORNEY GENERAL

MacKenzie Hall
110 Sherman Street
Hartford, CT 06105-2294

Office of The Attorney General
## State of Connecticut

Tel: (860) 808-5450
Fax: (860) 808-5591

October 10, 2003

Luis A. Lebron #185091
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT 06080

Re: **Lebron v. Armstrong, et al.**
　　**Civ. No. 3:01 CV 241 (CFD)**

Dear Mr. Lebron:

Thank you for your undated letter received October 8, 2003 concerning settlement of the above matter.

Your letter states that I proposed to settle this case for $1,500 and that you expected to receive payment by now. This is not correct. Our records show that on June 9, 2003 I wrote to you asking if you would agree to settle for $1,500 plus certain property to be sent by your family, subject to my ability to get approval of such an agreement. If you agreed, I would try to get approvals. See Attachment A. In response, in a letter dated June 20, 2003, you rejected the proposal and brought another lawsuit. See Attachment B. Next, by letter dated June 30, 2003, you offered to settle for $5,000 and any property in accordance with DOC Rules. See Attachment C. We rejected this counter-offer. This terminated the negotiations, and we wrote to you on July 11, 2003, explaining that fact. See Attachment D.

Later, you made new proposals by letters dated July 10 and August 26, 2003. See Attachment E. By letter dated September 15, 2003, we rejected your proposals, but I asked you if you would be willing to settle for $1,500 without any special agreement as to property, subject to my ability to get approval for such an agreement, and subject to the dismissal of the above case and any related litigation. See Attachment F. You did not agree to these terms in your letter dated September 18, 2003 nor in your recent letter. See Attachment G. To whatever extent you are making new proposals, they are rejected.

I recently received a call from Attorney Kenneth Speyer from the Inmates' Legal Assistance Program on your behalf asking about the status of settlement in this case. At this time, let me clarify our position, which assumes you have not filed more lawsuits.

If you agree, I will see if I can get approval for a settlement at $1,500, plus an agreement that debts due the state will not be collected from the check, but no debts would be excused. No

Luis A. Lebron
October 10, 2003
Page 2

special property rights will be included in the agreement. You remain free to receive property from your family as may be allowed at your facility in the normal course. If your facility rules do not allow items to be sent by your family, you may not receive them. Now that you are at MacDougall, I am told you should check with your Unit Manager for an explanation of the MacDougall rules on this topic, particularly regarding an upcoming holiday program.

This settlement is subject to the approval of my Office, Commissioner Lantz, the State Financial Services Center, and the defendants in the above case. Also we will require no admission of liability or wrongdoing by any defendants, a general release, and a dismissal or withdrawal, as may be appropriate, for this case and your other pending cases of Lebron v. Gomez, et al., No. CV 02-0398556 and Lebron v. Armstrong, et al., Civ. No. 3:03 CV 1269. If any more related lawsuits are filed, this proposal is terminated. If you agree, and if I can get approvals, I will prepare the necessary papers and submit them for court approval, which will be needed in order to obtain a check for you. If this is acceptable to you, please let me know and I will attempt to get the necessary approvals. If I can get the approvals, I will send the papers to you for signature and for return to me for further processing. If I cannot get approvals, there will be no agreement or settlement.

Please advise me if this is acceptable. Any disagreement or counter-offer must, and will, be treated as a rejection and termination of negotiations. You cannot assume you have an agreement until all agreements and approvals have been obtained, including your own agreement to the exact terms proposed. Thanks.

Very truly yours,

Robert F. Vacchelli
Assistant Attorney General

RFV

Dear Mr. Vacchelli,                                                10.24.2003

RE: your 10·10·03 letter

       I'm thinking about settling but there's something you're not taking into account, and that's the fact that you proposed $1,500 and property for one (1) lawsuit then changed it to $1,500 and "NO" property for all three suits.

       For my small claims complaint I can clearly and unequivocally prove I purchased those items and that when the property vanished into thin air, it was in the possession and control of the D.O.C by way of <u>D.O.C storage</u> and my jewelry in the <u>D.O.C safe</u> and as such, the D.O.C is liable and will have to reimburse me for over $600.⁰⁰ in property. This small claims suit will support my harassment/retaliation lawsuit aswell cause how can all that property vanish into thin air out of D.O.C storage and D.O.C safe?

       As for the retaliation, I have been disciplinary free for over (5) years. I've been a role model inmate for the past (5) years attempting to work and rehabilitate myself, yet the D.O.C keeps transfering me every 6-12 months for no reason and never letting me stay at one place long enough to better myself. Everytime im up for a job, I get transfered. The D.O.C nor you can allege that im being transfered for my own protection etc. due to defendants being at that facility because all the jails ive been transfered to have had A/O's, 6¹'s, counselor supervisors, majors or wardens at these facilities so that argument is moot, leaving the jury open to infer my constant transfers and loss of property was indeed for harassment/retaliation purposes.

(46)

I wrote to attorney Speyer to explain this to you and attempt to clean up the property issue. I also wrote to Conn. Pantry and enclosed the commissary sheets showing the items I want to order to replace the <u>lost</u> and the old property I have now are sold through commissary and allowed by the D.O.C. The company I will order the items from is the same company that D.O.C commissary gets their items from, so there should be no problem or reason not to allow me to order those items myself directly from the company. It will be alot cheaper for me. Thats the only reason why I would settle, if im allowed to order those items directly from the company instead of commissary. I explained it to Ms. Pantry in my request for approval. I believe after reviewing the commissary forms she'll see that there would be NO problem w/ my request being granted. She'll probably refer the letter to you anyway.

I know for a fact that I will be reimbursed for my small claims suit for over $600 and this facility allows our family to send up property so I don't even have to worry about that as an incentive for settling. I'm willing to settle today <u>if</u> im allowed to re-purchase the property directly from the company, items that are allowed by the D.O.C and sold in commissary anyway. It'll cost me alot less, this is why I would settle. Lets see if the Commissioner approves my request. I believe she will.

Sincerely,

Jim A. Johnson

P.S.   The settlement (if agreed upon) would also include not filing the new claim I was going to file upon reciept of the copies.

(47)

Dear Mr. Vacchelli;

Nov. 7, 03

Enclosed is your copy of my request for deposition of all the defendants and any other agent or agencyies who investigated the 10-29-98 mace incident which my lawsuit is partly based on. Also enclosed is your copy of my request for permission to be allowed to request for interrogatories and request for production discovery.

I have sent comm. Janity a list of property I want to purchase through the company itself along w/a copy of the commissary list which shows all the items I want ARE SOLD by commissary in accordance to O.O.C rules etc; There should be no reason for the denial as part of the settlement. Should it be denied ill push forward with all my claims aswell as those ill be filing in the near future. I learned my mistakes from the first suit, it wont happen again. I will be filing for everything once my claims survive the defendants motion to dismiss on future claims. I'm slow and can't grasp things like everyone else, but I now understand this.

My retaliation claim has been dismissed for two reasons created by the O.O.C which now will cost me $150.⁰⁰ The O.O.C refused to give me envolopes etc; even though I had NO money for months so I couldn't respond to the Court, which lead to the dismissal of my complaint. I will start the exhaustion process upon your response to this letter

I want to be reimbursed for my property to which the defendant lost while in O.O.C storage + O.O.C safe. I'll take $400.⁰⁰ for that loss even though it was $600.⁰⁰ worth. I also want reimbursement for my dismissed claims due to O.O.C

failure to provide me of legal scribes on time to file a response to the court order which denied me access to courts. So give me $2,500 plus the property in accordance to D.O.C. rules etc; and i'll let everything go. A friend of mine is going to send me $1,000.00 to buy whatever I need so I don't even care about settling any more. Plus i'll be filing (3) more lawsuits in the near future. Your clients want to push, I will be pushing back as well. I'm fed up with the harassment!

     Please inform your clients. $2,500 + property in accordance to D.O.C. policy or I press forward of everything I got.

       Thank you.

       Sincerely,

<u>Amount $2,500 plus property</u>

The way I figure it, all the money its going to cost for disposition, trial etc; will (in my mind) compensate for my troubles even if I only get One dollar for nominal damages out of the whole deal. I don't care any more.



**RICHARD BLUMENTHAL**
ATTORNEY GENERAL

MacKenzie Hall
110 Sherman Street
Hartford, CT  06105-2294

Office of The Attorney General
# State of Connecticut

Tel: (860) 808-5450
Fax: (860) 808-5591

November 17, 2003

Luis A. Lebron #185091
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT 06080

Re: **Lebron v. Armstrong, et al.**
   **Civ. No. 3:01 CV 241 (CFD)**

Dear Mr. Lebron:

Thank you for your letters dated October 24, and November 7, 2003, in the above case concerning settlement.

Your counter offers are rejected. I am unable to make any counter-proposals at this time.

Very truly yours,

Robert F. Vacchelli
Assistant Attorney General

RFV

50

Dear Mr. Vacchelli,

Dec. 2, 2003

RE: Your June 9, 2003 settlement offer.

Some issues regarding my criminal case has come up that requires my full attention. I value my freedom more than money and as such, I've decided to put an end to the civil cases and concentrate on my criminal one. Plus, I'm at MacDougall now and I don't want to cause any bad blood here w/ the staff. I can do good here w/ myself and I would like to stay as long as possible.

As you know, my harassment + retaliation suit was dismissed w/o prejudice. This was because the defendants refused to answer/respond to my requests and grievances, aswell as not providing me w/ legal material to respond to the Court in time, which denies me my right to free access to the Courts. As a result, my claim was dismissed. I can re-file it after two grievances are submitted by me. I want to be done w/ all of this.

Your June 9, 2003 letter stated that you may be able to settle the matters for $1,500 plus property from family (or vend). Enclosed is the D.O.C commissary list showing that commissary sells the items and that they are approved by the D.O.C.

Enclosed is also the list of property I would have sent in ~~Receipts~~ from the stores.

If acceptable, I'll settle all three claims for the $1,500 and property. Please advise.

Sincerely,

Eric S. Gibson

(51)

14) tapes (*)                    (1) shower shoes (**)

1) radio (* *)                   (1) pair of slippers (*)

1) hot pot (* *)                 (1) pair of prescription eye glasses (**)

1) chain (* *)

1) watch (* *)

1) beard trimmer (* *)

1) pair of boots (*)

1) pair of sneakers (*)

2) pairs of headphone (* *)

2) sweat suits (*)

1) walkman (* *)

1) t.v. (* *)

1) tape case (* *)

2) gym shorts (*)

(**) These are the items I would like to purchase directly from the Company ( Jack L. Marcus Inc.)

(*) These items will come from my family / store purchase

If this is acceptable I'll drop the two suits now pending and I'll stop pursuing the suit regarding harassment and retaliation. Please advise. You may contact property officer Reardon here at Macdougall.

(52)

**RICHARD BLUMENTHAL**
ATTORNEY GENERAL



MacKenzie Hall
110 Sherman Street
Hartford, CT 06105-2294

Office of The Attorney General
# State of Connecticut

Tel: (860) 808-5450
Fax: (860) 808-5591

December 26, 2003

Luis Lebron # 185091
MacDougall Walker Correctional Institution
1153 East Street South
Suffield, CT 06080

Re: **Lebron v. Armstrong, et. al.**
  **Civ. No. 3:01 CV 241 (CFD)**

Dear Mr. Lebron:

    Thank you for your letter dated December 2, 2003, in the above case, offering to settle this case for $1,500 plus property.

    Your counter-offer is rejected.  Our position in this case was explained in our letter dated October 10, 2003.

Very truly yours,

Robert F. Vacchelli
Assistant Attorney General

RFV

53

Dear Mr. Vecchilli,                                                      1/2/04

This is in response to your Dec. 24, 2003 letter. I
have decided to agree to your terms of settlement
but only for $2,000.⁰⁰ not $1,500.⁰⁰ since I won't be
allowed property rights.

Please note that I am exhausting my remedies
regarding the 90 day indigent policy which caused my
suit to be dismissed, (Hebron v. Armstrong, Myers, Gomez Et Al.,
3:03 CV 1269 (EBB) because I wasn't provided w/ legal materials
by the defendants in order to respond to the Courts order. I
was denied Access to the Court by this D.O.C policy.

I have also obtained proof that the defendants
are refusing to ~~det~~ answer my grievances etc, preventing
me from exhausting my remedies which I will use against
the D.O.C / defendants in my next suit.

Should you reject this last attempt, I will continue
w/ all my future claims. I'll agree to your terms of
settlement mentioned in your Oct. 10, 2003 letter w/ a
money / settlement of $2,000.⁰⁰

Please advise before I continue w/ my
exhaustions.

Sincerely,

Lisa L. Johnson

(54)

UNITED STATES  DISTRICT COURT
DISTRICT  OF  CONNECTICUT

LUIS A. LEBRON,
V.                                        :              PRISONER
COMMISSIONER JOHM ARMSTRONG, et al. :
                                                    Case No. 3:01CV241 (CFD)
                                          :

---

## NOTICE OF TO THE COURT

The **attached** is the Plaintiff's Sworn Affidavit in support
**of** his Motion for Appointment of Special Attorney for the above listed
action; and this cover page is the proof of Certification that all
parties that are involved in the case is served a copy of these
documents per rules of the Court.(See Attachment )

### CERTIFICATION

I DO CERTIFY that a true and correct copy of the foregoing
and the following attachments was mailed postage pre-paid to the
following parties of record on January 7th, 2004 and has complied
with the Rules of this Court.

To: _Robert F. Vacchelli_

___Asst. Atty General___

___110 Sherman Street___

___Hartford, Ct. 06105___

Respectfully  Submitted,

_Luis A. Lebron_
Mr. Luis A. Lebron # 185091             **(Attachment) hereto attached**
Macdougall C.I.
1153 East Street-South
Suffield, Connecticut  06080

Case No. 3:01CV241(CFD)

January 7th, 2004

SS

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LUIS ANGEL LEBRON,
        Plaintiff,
VS.

COMMISSIONER JOHN ARMSTRONG,        CASE NO. 3:01CV241 (CFD)

et al.
                              ,

        Defendant(s).

## A F F I D A V I T  OF  LUIS A. LEBRON

I DO  solemnly declare that I have made the statements in this affidavit by my own free will and states under oath that no one threatened me nor forced me to make the statements herein  this affidavit:

1. I state that throughout the filing of my Civil Action that I have had  assistance in preparing my case  allegations.

2. I state that throughout my Lifetime  I have suffered  from mental health comprehension of  things  that I read and try to understand.  It is  also  under the realms of my being  a slow learner . (Head injury impairment)

3. I state  that I do not have the Skills to prosecute  my Case  to jury trial and that I want the Federal Court System to protect me and protect my rights and to please  appoint to me a Lawyer to protect my rights  in this instant case at bar.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the Plaintiff in the above action, that he has read the above affidavit and that the information contained in the affidavit is true and correct. 28 U.S.C Section 1746; 18 U.S.C., Section 1621.

Executed at Macdougall C.I., 1153 East Street-South, Suffield, Conn., on January 6th, 2004.

Affiant-Plaintiff
**Mr. Luis A. Lebron # 185091**
**Macdougall C.I., 1153** East Street-South
Suffield, Connecticut 06080

56

RICHARD BLUMENTHAL
ATTORNEY GENERAL



MacKenzie Hall
110 Sherman Street
Hartford, CT 06105-2294

Office of The Attorney General
## State of Connecticut

Tel: (860) 808-5450
Fax: (860) 808-5591

February 9, 2004

Luis A. Lebron # 185091
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT 06080

Re: **Lebron v. Armstrong, Civ. No. 3:01CV241 (CFD)**
    **Lebron v. Armstrong, Civ. No. 3:03 CV 1269 (EBB)**
    **Lebron v. Gomez, No. CV 02 0398556**

Dear Mr. Lebron:

    Thank you for your letter dated January 7 2004. Pursuant to that proposal, I have prepared settlement papers for your signature. If you find these acceptable, please sign and date the motions, W-9 Form, and withdrawal form where indicated, and sign the General Release under oath before a notary where indicated. Return all originals to me.

    Upon receipt, I will complete the papers for the defendants, and send the motions to court for orders. Upon receipt of the court orders, I will send them to the Comptroller for a check in the amount of $2,000.00 payable to you. All other papers will be held in escrow pending delivery of the check to you.

Very truly yours,

Robert F. Vacchelli
Assistant Attorney General

RFV
enc.

57

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS A LEBRON | : | PRISONER |
| *Plaintiff,* | : | CIV. NO. 3:01CV241 (CFD) |
| | : | |
| v. | : | |
| | : | |
| JOHN ARMSTRONG, ET AL. | : | FEBRUARY    2004 |
| *Defendants.* | | |

## MOTION FOR ORDER OF DISMISSAL

Pursuant to the provisions of Rule 41(a)(2) of the Federal Rules of Civil Procedure, the plaintiff, Luis A. Lebron, and the defendants, John Armstrong, et al., hereby move for the dismissal of the above captioned lawsuit, with prejudice, in accordance with the attached Stipulated Settlement. The parties further respectfully request that the provisions of the Stipulated Settlement be incorporated herein consistent with <u>Kokkonen v. Guardian Life Insurance Co. of America</u>, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed. 2d 391 (1994) and they further move the Court for an order accordingly.

PLAINTIFF
Luis A. Lebron

BY: _____
Luis A. Lebron # 185091
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT 06080

58

DEFENDANTS
John Armstrong, et al.

BY: _____
Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Tel No. (860) 808-5450
FAX (860) 808-5591
Robert.Vacchelli@po.state.ct.us
Federal Bar No. Ct05222

## CERTIFICATION

This certifies that the foregoing was mailed this        day of February, 2004, to:

Luis A. Lebron # 185091
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT 06080

_____
Robert F. Vacchelli
Assistant Attorney General

2