# EXHIBIT E

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

LUIS ANGEL LEBRON :
: PRISONER
v. : Case No. 3:01CV241 (CFD)(WIG)
:
JOHN J. ARMSTRONG, et al. :

RULING AND ORDER

Plaintiff has filed a second motion seeking appointment of pro bono counsel in this action pursuant to 28 U.S.C. § 1915. For the reasons set forth below, plaintiff's motion is denied.

As the court stated in its ruling denying plaintiff's previous motion, the Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel, see, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997); Cooper v. A. Sargenti Co., 877 F. 2d 170, 172 (2d Cir. 1989), and requires that the indigent person must demonstrate that he is unable to obtain counsel. Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991). In this case, plaintiff identifies in his motion additional law firms he has contacted and states that Inmates' Legal Assistance Program has declined assistance.

When deciding whether to appoint counsel, the district court must "determine whether the indigent's position seems likely to

be of substance." Id. In Cooper v. Sargenti, the Second Circuit cautioned the district courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit." 877 F.2d at 173-74. The court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." Id. at 171.

The court makes no determination on the merits of plaintiff's claim. At this stage of litigation, however, the court cannot determine whether plaintiff's claim possesses likely merit.

Plaintiff's motion for appointment of counsel [doc. #13] is DENIED without prejudice to renew at a later stage of litigation.

SO ORDERED this 17th day of August, 2001, in Bridgeport, Connecticut,

WILLIAM I. GARFINKEL
UNITED STATES MAGISTRATE JUDGE

2

# EXHIBIT F

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LUIS A. LEBRON

v.

COMMISSIONER JOHN ARMSTRONG, et al.

PRISONER
Case No. 3:01CV241 (CFD)(WIG)

### RULING AND ORDER

The plaintiff, Luis Lebron ("Lebron"), seeks an extension of time to respond to the defendants' interrogatories and production requests and renews his motion for appointment of counsel.

Lebron seeks an extension of time of 120 days from April 23, 2002, to respond to defendants' interrogatories and requests for production. Lebron's motion [**doc. #31**] is **GRANTED**. Lebron shall respond to the discovery requests on or before **August 23, 2002.**

Lebron also has renewed his motion for appointment of counsel. The court notes that Lebron states that he has contacted Inmates' Legal Assistance Program to help him respond to the defendants' discovery requests. Because Lebron has not yet received a response to his inquiry, a determination that the assistance to be provided is inadequate would be premature. Thus, Lebron's motion for appointment of counsel [**doc. #26**] is **DENIED** without prejudice as premature. Lebron may renew his motion should Inmates' Legal Assistance Program be unable to assist him at this stage of the litigation.

**SO ORDERED** at Bridgeport, Connecticut, this 27th day of May, 2002.

William I. Garfinkel
United States District Judge

# EXHIBIT G

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUIS A. LEBRON | PRISONER |
| v. | Case No.3:01CV241 (CFD)(WIG) |
| COMMISSIONER JOHN ARMSTRONG, et al. | |

### RULING AND ORDER

The plaintiff, Luis Lebron ("Lebron"), seeks an extension of time to respond to the defendants motion to dismiss and to enable Attorney Kenneth Speyer to become familiar with the case file.

The court notes that on December 13, 2001, Lebron filed his response to the motion to dismiss. Thus, the motion to extend time to respond to the motion to dismiss is denied as moot. Further, the record in this case reveals that Attorney Speyer from Inmates' Legal Assistance Program has been in possession of documents relating to this case since August 2001 for the express purpose of assisting Lebron in responding to the motion to dismiss. Attorney Speyer has had over five months to become familiar with this case. Accordingly, the plaintiff's motion [doc. #21] is DENIED.

SO ORDERED at Bridgeport, Connecticut, this 30th day of January, 2002.

William I. Garfinkel
United States District Judge

# EXHIBIT H

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

LUIS A, LEBRON

v.

COMMISSIONER JOHN ARMSTRONG, et al.

PRISONER
Case No.3:01CV241 (CFD)(WIG)

# FINAL ORDER

On July 23, 2001, defendants filed a motion to dismiss this case [doc. #15]. Plaintiff's opposition to the defendants' motion to dismiss was due on August 13, 2001. On August 20, 2001, the court issued an order notifying plaintiff of his obligation to respond and directing him to file his opposition to the motion to dismiss on or before September 6, 2001. On August 27, 2001, plaintiff wrote a letter to the court clerk stating that he had contacted Attorney Kenneth Spayer at Inmates' Legal Assistance Program for assistance. Plaintiff represented that Attorney Spayer would file a motion for extension of time to respond to the motion to dismiss and prepare a response to the motion. Plaintiff also stated that he was unable to provide proof that he had exhausted his administrative remedies because documents he had submitted to be copies had not been returned.

In over two months since plaintiff's letter, no motion for extension of time or response to the motion to dismiss has been filed. Accordingly, plaintiff is hereby on notice that his response to the motion to dismiss must be filed with the court on or

before **November 20, 2001.** If no response is received, the motion may be granted absent objection and the case will be dismissed. The court notes that if plaintiff's documents regarding exhaustion of administrative remedies have not been returned, he may file an affidavit describing what steps he took to exhaust his administrative remedies.

SO ORDERED at Bridgeport, Connecticut, this 2nd day of November 2001.

/s/ William I. Garfinkel
WILLIAM I. GARFINKEL
UNITED STATES MAGISTRATE JUDGE

2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUIS A. LEBRON<br>*Plaintiff,* | PRISONER<br>CIVIL NO. 3:01CV241 (CFD) (WIG) |
| v. | |
| JOHN ARMSTRONG, ET AL.<br>*Defendants.* | JUNE 14, 2004 |

## NOTICE OF MANUAL FILING

Please take notice that defendants, John Armstrong, et al., have manually filed the following documents:

- Exhibits D, E, F, G and H to Defendants' Response to Court's Order of May 19, 2004 to Show Cause and in Response to Plaintiff's Motion Requesting Review Dated May 8, 2004

These documents have not been filed electronically because

[X]  the documents cannot be converted to an electronic format
[ ]  the electronic file size of the document exceeds 1.5 megabytes
[ ]  the document or thing is filed under seal pursuant to Local Rule of Civil Procedure 5(d) or Local Rule of Criminal Procedure 57(b)
[ ]  Plaintiff/Defendant is excused from filing this document or thing by Court order.

The documents have been manually served on all parties.

DEFENDANTS
John Armstrong, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: /s/ Robert F. Vacchelli
Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct05222
E-Mail: robert.vacchelli@po.state.ct.us
Tel.: (860) 808-5450
Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 14th day of June, 2004:

Luis A. Lebron # 185091
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT 06080

_____
Robert F. Vacchelli
Assistant Attorney General
