United States District Court
District of Connecticut

**FILED**
2004 JUL -2 P 3:46
U.S. DISTRICT COURT
BRIDGEPORT, CONN

Luis A. Lebron        : Civ. # 3:01 cv 241 (CFD)(WIG)
    v.                :
Armstrong, Et. Al,    : June 18, 2004

<u>Plaintiffs response to defendants
motion dated June 14, 2004.</u>

This case is a civil rights action by pro se inmate <u>Luis A. Lebron</u> for eye injuries sustained by a correctional officer who sprayed mace at an inmate who was in full restraints ( handcuffs, black box, belly chain, tether chain, seat belt) while in a van doing 65-70 mph on the highway, which the defendants conspired to cover-up by falsifying both medical and incident reports. The suit is also for assault + battery and denial of medical care, and conspiracy.

1. The plaintiff filed this lawsuit early 2001, and also submitted several applications for appointment of counsel and affidavits claiming that the plaintiff was not able to obtain the video tapes and records to prove his case at trial because defendants stated said evidence would be considered contraband and pose a safety + security threat.

2. The plaintiffs whole case depended on the video tapes to prove that he was maced, which in turn proves that the defendants <u>falsified</u> both <u>medical</u> and <u>incident reports</u> in a conspiracy to cover up the "alleged" justifiable incident. The issues are discussed seriatim.

①

## STANDARDS ON REVIEW

(A) This case is reviewable for abuse of discretion. Lawrence v. Wink, 293 F.3d 615, 623 (2nd Cir. 2002).

(B) The plaintiff has raised facts on his May 8, 2004 Motion for review which clearly shows abuse of discretion, Court errors, prejudice to the plaintiff and his case, exceptionable and/or extraordinary circumstances that prevented the plaintiff from effectively prosecuting his case against the defendants.

(C) The Court should set aside the April 22, 2004 order on the above titled case for the reasons stated here and in plaintiffs May 8, 2004 motion for review.

## ARGUMENT

1. The defendants claim that the plaintiffs volume and thoroughness of the negotiations make clear that the plaintiff understood and assented to settlement. Also, that the plaintiff knew that "I wont be allowed property rights." As stated several times to the defendants, the plaintiff believed the property rights were the electronics, tapes, etc; NOT the medically prescribed glasses as the glasses are needed due to injuries suffered by the plaintiff caused by the defendants.

2. The defendants also claim that the tenor of plaintiffs most recent correspondence and pleadings indicate that I am still willing to settle, but on new terms and

obviously, my intent is to open the settlement so that I could renegotiate a better deal. This is far from the truth and it is now crystal clear to the plaintiff that the defendants attorney is NOT informing the defendants of plaintiffs past or present proposals because if he had, the defendants would most likely accept for one or more of the following reasons.

(A) A harassment and retaliation lawsuit aswell as disparate treatment can easilly be proven as the plaintiff keeps being transferred every 6-12 months for no reason other than harassment and retaliation purposes as the plaintiff hasn't had any behavioral problems warranting the need for transfers as my <u>lack</u> of disciplinary tickets for the past six (6) years clearly prove. Nor can the defendants claim that they were for my own safety concerns due to defendants being there because the facilities I was transfered to had WARDENS, CAPTAINS, MAJORS, ETC, working at those facilities.

(B) Over $1,000.00 in plaintiffs property has vanished into thin air while in defendants possession + control, (D.O.C storage and D.O.C safe) which started ever since I started complaining about the 10-29-98 mace incident. D.O.C records will prove that I never had property issues until after complaints were made about the 10-29-98 incident. On my Sept. 2003 transfer here from Cheshire after an argument w/ defendant Karl Lewis about five (5) consecutive shake downs and the confiscation of all my legal

(3)

documents for two weeks, my transfer results into over $650.00 in property loss once again.

(c) UCONN has prescribed tinted glasses due to my sensitivity to light resulting from being left maced w/o decontamination for hours. Yet, medical / D.O.C wont provide me w/ darker tinted glasses because they only provide 20% tints, depriving me of a <u>medical need</u> even though numerous inmates have darker tints and my family paying for them rather then the State.

I can start the process for new claims of harassment/ retaliation, disparate treatment and denial of medical need against the D.O.C. I informed defendants counsel of this and I believe had he informed his clients, they would accept the proposal as I would then agree to drop everything, rather than giving me $2,000.00 and then filing a different suit and a denial of a medical need suit.

The plaintiff is not trying to get the order set aside for renegotiation purposes. The plaintiffs May 5, 2004 motion for review states the real reason. This plaintiffs recent proposal is to finally put all claims + future claims to rest, so that the transfers and loss of property incidents will stop aswell. I'm doing 30 years and I would like to do them in peace. I'm actully doing the defendants a favor, but they don't know cause they're not

(4)

being informed. Legal action for the mentioned acts by the defendants depend on the outcome of this case and/or defendants rejection of my last proposal of $3,500.00 plus all the listed property which are all allowed by the D.O.C for inmate possession.

### FAILURE TO ASSIGN COUNSEL

1. The Second Circuit has made it clear that before counsel is even considered, the indigent person must demonstrate that he is unable to obtain counsel, and that I have not made that demonstration. To the contrary, the plaintiff submitted to the Court attorney names, addresses etc; who have denied representation for one reason or the other. Also, Inmate legal assistance can only advise, <u>not</u> represent nor obtain evidence, depose defendants etc; as clearly needed in this case.

2. The Courts have made it clear that appointment of counsel is appropriate when plaintiff presents a colorable claim as done here w/ this case along w/ the fact that the evidence needed to prove the claims WOULD NOT be provided unless counsel was appointed, and that as an indigent inmate, the plaintiff would not be able to investigate the case, obtain the video evidence, defendants records, witnesses and the possibility of conflicting testimony requiring skill in presentation of evidence and in cross

examination etc; as the plaintiffs claims and defendants claim contradicted each other completely which the video would prove valuable to the plaintiff, had counsel been appointed. As such, the Court abused its descretion because all of this was brought fourth to the Court years ago in affidavits and cited cases. SEE EXHIBIT (D)

### ERRONEOUS RULINGS

1. The defendants, whether intentionally or not, are clearly missing the point regarding the erroneous ruling claims.

2. The rulings denying all my motions for appointment of counsel prejudiced me and my case severely because w/o counsel, I could not obtain the evidence needed to prove my claims as <u>defendants claimed said evidence was contraband and posed a safety + security threat</u>. As such, counsel was clearly needed.

3. The erroneous closure of my cases caused all my motions etc; to be returned claiming my cases were closed, which all combined caused the wrongfull settlement for fear of getting the case dismissed which all came about by the abuse of descretion. There was, therefore, clear abuse.

## CONCLUSION

For all the foregoing reasons, and those stated on the May 8, 2004 motion for review, the settlement orders should be set aside, case put back on trial docket and counsel appointed.

Plaintiff, *[signature]*
Luis A. Lebron
MacDougall CI
1153 East St. South
Suffield, Ct. 06080

## CERTIFICATION

I hereby certify that a copy of the following was mailed to Mr. Vacchelli on this 28 day of June 2004.

Robert F. Vacchelli, Asst. Atty. Gen.
110 Sherman Street
Hartford, Ct. 06105

*[signature]* Luis A. Lebron
#185091