# EXHIBIT D

Luis A. Lebron #185091  :  Case # 3:01 CV 241 (CFD)(WIG)

v.  :

Comm. Armstrong, et al.  :  Date: _____

<u>Memorandum of law in support of plaintiffs<br>
motion for appointment of counsel</u>

\* Statement of the case:

1. This is a civil rights case filed under 42 USC § 1983 by a state prisoner asserting claims for the unconstitutional use of force, denial of medical care, attempted cover up of the incident, falsyfied reports, assault and battery aswell as retaliation by the defendants for this lawsuit now pending and past grievances and complaints aswell as any State law claims the Court sees fit to invoke exercising supplemental jurisdiction. The plaintiff seeks damages (compensatory and punitive) for his injuries and intentional loss of property for all claims stated and injunction to ensure proper future medical treatment is given and provided.

\* Statement of facts:

2. The complaint alleges that the plaintiff was sprayed with mace directly in the face while fully restrained in a transport vehicle on the highway while driving at 65-70 mph. Despite policy, the defendants failed to call for emergency response team and/or medical. The defendants recieved no medical attention despite being maced until hours later leaving the plaintiff contaminated with mace in his eyes, face, neck and chest. The plaintiff has been having eye problems ever since the incident happened. The defendants attempted to cover-up the incident and falsified reports which is a Federal violation and a crime, especailly medical reports. The video shows me maced, coughing and complaining, yet the report alleges

the exact opposite clearly proving the plaintiffs claims. The plaintiff has just been examined by the eye doctor who expressed serious concern about how plaintiffs eye's keep getting worse. He also expressed that something is seriously wrong with my right eye, so much so that he put a request for me to be seen at UCONN. The plaintiff was left with mace in his eyes for about three (3) hours prior to being decontaminated and seen/treated by medical.

Arguement:

3. In deciding whether to appoint counsel for an indigent litigant, the Court should consider the complexity of the legal and factual issues involved, espacailly when the plaintiff is an inmate, and whose complaint is not frivilous or malicious, as evidenced by claim's survival of motion to dismiss. The plaintiff has stated numerous times that as an inmate, he can not obtain evidence or statements because possession of certain evidence would be considered contraband, and the plaintiff, per D.O.C rules can not have inmate to inmate correspondance.

4. The plaintiff has stated in his complaint that the un-neccessary use of force (chemical agents) and deliberate indifference to our medical needs has resulted in serious eye perception damage to plaintiffs eyes. Till this day even after the complaints, medical/defendants haven't examined or treated me once. SEE Tucker v. Randall, 948 F.2d 388, 391 (7th Cir. 1991) (appointment of counsel appropriate when plaintiff presented colorable claim of deliberate indifference to serious medical needs resulting in permanent deformaties.) In plaintiffs case, he has been losing eye perception, experienced headaches and eye problems when reading. This was due to being left maced for about 2½-3 hours

while all the officers were treated and questioned first by medical.

5. The defendants and plaintiffs possition are contridicting each other (conflicting testimony) and now the plaintiff has learned through an eye examine he requested for, that his eyes are really messed up from an injury. The doctor requested that the plaintiff be taken to UCONN for better examination. The plaintiff is possitive that the defendants doctor will not be honest as he works or has worked for the defendants who has been used numerous times by defendants counsel or his office.

6. The plaintiff, as an inmate, cannot obtain evidence such as copies of the video upon arriving at Northern showing plaintiff maced and coughing aswell as other inmates and defendants, a copy of the video of plaintiff being treated by medical which shows the time plaintiff finally recisved medical-decontamination treatment which will clearly prove the defendants medical reports were intentionally falsified, the medical reports inwhich the defendants alleged that plaintiff showed no sign of being maced or voiced any complaints. Clear and convincing evidence in favor of the plaintiff which as an indigent inmate he cannot obtain without counsel. Nor can the plaintiff present evidence by way of statements/testimony from other witnesses w/o counsel, or expert testimony as to whether force was needed on inmates fully restrained by handcuffs, black box, tether chain, belly chain and strapped to our seatbelts while driving 65-70 mph on the highway. A dramatization video is needed for the court and jury which the plaintiff cant get w/o counsel. Without counsel, the plaintiff cant effectively obtain discovery material evidence, etc, for his case. SEE Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) 112 SCt 1995 (1992) In addition, courts have suggested that

the most important factor in appointing counsel is whether the claim appears to have merit." Cooper v. Sargenti Co Inc., 887 F.2d 170, 173 (2nd Cir 1989) Each of these factors weighs in favor of appointing counsel in this case. The plaintiff cannot obtain video copies of the incident or investigate, obtain other evidence w/o counsel. Not to mention the sheer number of claims and defendants and defendants whose identities have yet to be discovered, makes this a factually complex case that a pro se indigent inmate not versed in the law, with a mental defect who has to read documents over and over before he can fully understand what it is or says calls for appointment of counsel.

7. Expert testimony will be necessary for both the medical issues and law enforcement testimony as to the use of force, and the danger it put everyone in of life or limb. The presence of medical or other issues requiring expert testimony, cross examination etc, supports the appointment of counsel. SEE Moore v. MaBus, 976 F.2d 268, 272 (5th Cir. 1992); Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir 1992) Tucker v. Randall, 948 F.2d 388, 392 (7th Cir. 1991).

8. The plaintiff being incarcerated has no ability to obtain certain needed evidence, (copies of videos) locate witness etc; because of D.O.C policies and partly because one is in another facility and one went home and needs to be located. Factors courts have cited in appointing counsel. SEE Gretson v. Coughlin 679 F.Supp 270, 273 (WDNY 1988) In addition this case will require considerable discovery concerning the identities of witnesses, officers reports, follow up reports, internal affairs reports and statements about the incident/investigation, history of the

officers for evidence of prior records of misuse of force etc; SEE Tucker v. Dickey, 613 F.Supp. 1124, 1133-34 (WD WIS 1985) Need for discovery supported appointment of counsel.

9. The plaintiff is an indigent inmate (acknowledged by State and Federal Courts) with no legal training which is another factor that supports appointing counsel. SEE Whisenant v. Yuam, 739 F.2d. 160, 163 (4th Cir 1984) In addition, plaintiff only has limited access to law library. The plaintiffs and witnesses account of the incident is squarely in conflict with the defendants. This aspect of the case will be a credibility contest between defendants and plaintiff (and such inmates who can be located to testify), as such, the videos will be needed to support plaintiffs claims which the plaintiff cant obtain w/o counsel. SEE Gatson v. Coughlin, 679 F.Supp 270, 273 (WD NY 1988)

10. The plaintiff has filed a motion/amendment to add the claim of retaliation against the plaintiff by the defendants in that the plaintiff keeps being transferred every 6-12 months and managing to lose plaintiffs property in the process. Property that was in possession of the D.O.C/defendants each time property vanished into thin air. The record will prove that the plaintiff never had an issue with property vanishing into thin air, never located until after plaintiffs complaints, letters, grievances, etc; which is a constitutional violation as defendants cannot retaliate against plaintiff for plaintiff excersising his civil rights to correct a wrong committed against him. SEE THE FOLLOWING CITED CLAIMS FOR RETALIATION: Colon v. Coughlin, 58 F.3d 865, 872 (2nd Cir. 1995), Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir 1995), Babcock v. White, 102 F.3d 267, 275 (7th Cir 1996), Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir 1989), Penrod v. Zavaras, 94 F.3d 1399, 1404-06 (10th Cir a

Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11th Cir. 1989)

11. The plaintiff has alleged facts on his previous amendment to add retaliation to his complaint. A retaliatory animus has been shown and is another reason why counsel should be appointed. If the defendants were innocent and had nothing to hide or worry about, why transfer the plaintiff every 6-12 months and lose over $600 worth of property that the defendants had in their possession (D.O.C safe and storage) when it vanished into thin air. The fact that the defendants are retaliating against the plaintiff shows guilt and is constitutionally violative of plaintiffs rights.

12. In retaliating against the plaintiff for the plaintiff speaking out and/or writing letters to the Governer, Commissioner, Complex Warden etc; about the 10-29-98 (subject matter of this suit now pending) the defendants are also violating plaintiffs First Amendment rights. In transfering the plaintiff and losing his property each time, (which never happened until after the letters, etc,) shows harassment. The transfers every 6-12 months and loss of property in the process was done in retaliation/punishment for plaintiffs complaints and lawsuit, a clear First Amendment violation. SEE Brook v. Andolina, 826 F.2d 1266, 1268 (3d Cir 1987), Jackson v. Cain, 864 F.2d 1235, 1248 (5th. Cir 1989), Cornell v. Woods, 69 F.3d 1383, 1387 (8th. Cir 1995), Mitchell v. Farcass, 112 F.3d 1483, 1485, 1487 (11th Cir. 1997), Crawford-El v. Britton, 93 F.3d 813, 829 (D.C Cir 1996). All First Amendment claims stated for retaliation against plaintiff for his complaints, letters, etc; against the defendants. Another factor for appointing counsel, which in this matter will limit litigation to meritorious issues and provide plaintiff with representation equally qualified w/ the professional counsel appointed to the defendants.

13. As set forth in the memorandum of law mentioned in this motion in support of appointment of counsel, along w/ the claims of facts and legal merits of the claims, support the appointment of counsel to represent the plaintiff.

14. WHEREFORE, the plaintiff respectfully requests that counsel be appointed and the motion granted. Should it be denied, the plaintiff respectfully requests to be given the reason why it was denied as plaintiff can't understand why it would be denied considering the claims made which warrant appointment of counsel.

Respectfully submitted,

Luis A. Lebron #165091

*/s/ Luis A. Lebron*
900 Highland Ave
Cheshire, Ct. 06410

### CERTIFICATION

I hereby certify that a copy of the forgoing motion for appointment of counsel and memorandum of law in support of, have been mailed postage prepaid to State's Atty. A.A.G. Robert F. Vacchelli at 110 Sherman Street, Hartford, Ct. 06105-2294 on _____

*/s/ Luis A. Lebron*

Luis A. Lebron     :
       v.          :
Armstrong, et. al  :     Date: _____

## Memorandum of law in support of plaintiff's 42 U.S.C § 1983 motion

1. The plaintiff, Luis A. Lebron has submitted an action to redress the deprivation by the defendants of rights secured to the plaintiff by the Constitution and laws of the United States and the State of Connecticut and Federal laws. The acts and/or omissions of the defendants in the claim, denied the plaintiff of his rights under the 1st., 4th., 5th., 8th., and 14th. Amendment to the U.S. Constitution and under Article I, sec. Twenty to the Connecticut Constitution. The acts and/or omissions of the defendants constitute cruel and unusual punishment, procedural due process violation, and the intentional infliction of emotional under common law.

2. The following are cases cited for First Amendment violations in which defendants retaliated against plaintiffs for plaintiff exercising his First Amendment rights.

A) Brock v. Andolina, 826 F.2d 1266, 1268 (3d Cir. 1997)
B) Jackson v. Cain, 864 F.2d 1235, 1248 (5th Cir. 1989)
C) Cornell v. Woods, 69 F.3d 1383, 1387 (8th Cir. 1995)
D) Mitchell v. Farcass, 112 F.3d 1483, 1485, 1487 (11th Cir. 1997)
E) Crawford-El v. Britton, 93 F.3d 813, 829 (DC Cir. 1996)

3. The above mentioned case's in number (2) are case's where claims have been stated for retaliation against individuals who have written letters, complaints, etc; regarding legal issues or suits, in violation of First Amendment rights.

4. The following cases are stated claims for other retaliation claims.

A) Colon v. Coughlin, 58 F.3d 865, 872 (2nd Cir. 1995)
B) Babcock v. White, 102 F.3d 267, 275 (7th Cir. 1996)
C) Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989)
D) Penrod v. Zavaras, 94 F.3d 1399, 1404-06 (10th Cir. 1996)
E) Wildberger v. Bracknell, 869, F.2d 1467, 1468 (11th Cir. 1989)

WHEREFORE, the plaintiffs civil suit should be granted as the plaintiff has alleged "facts upon which a retaliatory animus could be inferred" by the Court and/or jury. The plaintiff has clearly identified and stated that the defendants in plaintiffs pending suit against them, (Lebron v. Armstrong, Et Al., 3:01-CV-241 (CFD)(WIG)) are the same defendants in this complaint who are retaliating against the plaintiff and have lost over $600.00 worth of plaintiffs property meant to punish and oppress the plaintiff for complaining about the 10-29-98 incident and getting them questioned by internal affairs and defendant Samuels getting taken off transport duty.

x *Luis A. Lebron*  #165091
Luis A. Lebron, 900 Highland Ave., Cheshire, Ct. 06410

## Certification

I hereby certify that a copy of the foregoing was mailed to A.A.G. Robert F. Vacchelli on _____ at the Office of the Attorney General, Mackenzie Hall, 110 Sherman Street, Hartford, Ct. 06105-2294.

*signature* #185091
Luis A. Lebron #185091
900 Highland Ave
Cheshire, Ct. 06410

\*\* The Courts have held that if the State does not provide a way for prisoners to obtain remedy for the lost property by official misconduct, the State will have deprived the prisoner of property in violation of the 14th. Amendment. \*\*