UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 DEC 22 P 2: 07

U.S. DISTRICT COURT
BRIDGEPORT CONN
PRISONER

LUIS ANGEL LEBRON      :
                       :
     v.                :   Case No. 3:03CV1269(EBB)
                       :
JOHN ARMSTRONG, et al. :

## ORDER

In July 2003, plaintiff filed this civil rights action alleging that correctional staff retaliated against him for filing a lawsuit. In September 2003, after notice to plaintiff, the court dismissed the case without prejudice pursuant to 42 U.S.C. § 1997e(a) and Rule 41(b), Fed. R. Civ. P., for failure to exhaust his administrative remedies. In March 2004, the court granted the parties request that the case be dismissed with prejudice as part of a settlement of all plaintiff's cases.

In November 2004, plaintiff filed an affidavit in which he challenges the initial dismissal of this case. He argues that correctional officials could not provide any relief on his claims of retaliation so exhaustion of administrative remedies was not required. Plaintiff's assertion is incorrect.

First, the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires an inmate to exhaust his administrative remedies before bringing an action pursuant to 42 U.S.C. § 1983 with respect to prison conditions. There is no exception in the statute and the Supreme Court has held that this provision

requires an inmate to exhaust administrative remedies before filing any type of action in federal court, see Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 992 (2002), regardless of whether the inmate may obtain the specific relief he desires through the administrative process. See Booth v. Churner 532 U.S. 731, 741 (2001); see also Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001).

In addition, defendants state in opposition, that in response to a grievance, correctional officials have the ability to discipline correctional staff or change departmental policy. Thus, there is some relief that may result from filing an institutional grievance.

Accordingly, plaintiff's request, contained in his affidavit [doc. #26], that this case be reopened is denied.

**SO ORDERED** this ___30rt___ day of December, 2004, at New Haven, Connecticut.

Ellen Bree Burns
United States District Judge